Charles O'Neill, Appellant, *v.* Erie Railroad Company, Respondent.

Second Department, April 5, 1918.

**Railroads — negligence — when action properly brought under Federal Employers' Liability Act — interstate commerce — erroneous charge — effect of contributory negligence of plaintiff upon damages recoverable.**

A person engaged in the movement of interstate freight who was injured while riding in a caboose of the train after the other cars had been run upon a side track in a freight yard in this State may bring an action under the Federal Employers' Liability Act where the caboose was being used to deliver the way bills to the defendant's freight office, for it was still engaged in interstate transportation.

In an action brought under said Federal act it is reversible error for the court to refuse to charge at the plaintiff's request that if the defendant's negligence proximately caused the injury but the plaintiff was also at fault his damages are to be diminished in the proportion that the gravity of his own fault bears to the entire causal negligence attributable to both.

Appeal by the plaintiff, Charles O'Neill, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Orange on the 3d day of June, 1916, upon the verdict of a jury, and also from an order entered in said clerk's office on the 16th day of June, 1916, denying plaintiff's motion for a new trial made upon the minutes.

The action was brought under the Federal Employers' Liability Act for injuries to plaintiff while in a caboose entering defendant's freight yard at Newburgh, N. Y., on May 30, 1908. The verdict was for no cause of action.

*Harvey D. Hinman* [*Thomas B. Kattell* with him on the brief], for the appellant.

*Philip A. Rorty* [*Elbert N. Oakes* with him on the brief], for the respondent.

Per Curiam:

This action was under the Federal Employers' Liability Act (35 U. S. Stat. at Large, 65, chap. 149), as the complaint sufficiently averred. Defendant's train had been engaged in the movement of interstate freight. The freight cars had been detached and run on a side track. The caboose, with plain-

tiff within, was running alone on a descending grade, when an overtaking train collided with it, causing plaintiff's injury. The interstate transportation was not ended merely because the cars had come within the yard. The conductor had also to deliver the way bills at defendant's freight office, toward which he was going in the caboose, which was as much a part of the interstate transportation as was the movement across the State line. (*St. Louis & San Francisco Ry.* v. *Seale*, 229 U. S. 156, 161; *New York Central R. R.* v. *Carr*, 238 id. 260, 263.)

Under this Federal statute (35 U. S. Stat. at Large, 66, § 3), plaintiff's contributory negligence lessens his recoverable damages, if the total damages are attributable to the faults of both the defendant employer and the plaintiff. If defendant's negligence proximately caused the injury, but a plaintiff be also at fault, his damages are to be diminished in the proportion that the gravity of his own fault bears to the entire causal negligence attributable to both. (*Second Employers' Liability Cases*, 223 U. S. 1, 50; *Grand Trunk R. Co.* v. *Lindsay*, 233 id. 42, 49; *Seaboard Air Line* v. *Tilghman*, 237 id. 499; *Illinois Central R. R. Co.* v. *Skaggs*, 240 id. 66.) This seems not to have been made clear to the jury, although plaintiff sought an instruction to that effect.

The judgment and order are, therefore, reversed, and a new trial granted, costs to abide the event.

JENKS, P. J., RICH, PUTNAM, BLACKMAR and KELLY, JJ., concurred.

Judgment and order reversed and new trial granted, costs to abide the event.