## SHIFFLER v. PENNSYLVANIA R. CO.

No. 9606.

United States Court of Appeals Third Circuit.

Argued Nov. 3, 1948.

Decided Jan. 7, 1949.

See also 8 F.R.D. 317.

Elias Magil, Philadelphia, Pa., for appellant.

Philip Price, Philadelphia, Pa., for appellee.

Before BIGGS, Chief Judge and Mc-LAUGHLIN and KALODNER, Circuit Judges.

BIGGS, Chief Judge.

The plaintiff, Shiffler, brought his action in the court below under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. He was employed as a pipe fitter at the shops of Pennsylvania Railroad Co., the defendant, at Altoona, Pennsylvania. He claims that he was injured while going through the yard toward the building on the defendant's premises in which he was accustomed to work. The court below directed a verdict for the defendant and Shiffler has appealed.

In view of the directed verdict we take the evidence and the inferences to be drawn therefrom most favorable to the plaintiff. Shiffler testified that he entered the defendant's yard about 6:40 A. M. on the morning of March 8, 1944 and was walking southward on a concrete roadway which led across railroad tracks and into the defendant's shops; that when he was about 30 to 40 feet inside the yard gate and was crossing the metal plates employed to make a solid crossing over the tracks he suddenly noticed a truck ahead of him; that this truck had been headed west on a driveway running east and west behind the crossing and had turned sharply to the north just in front of him, and that, after making the right turn, the truck passed within two feet of him, crossing the western edge of the metal plate while he was standing on the plate's eastern edge. The plaintiff stated that the truck's weight caused his edge of the plate to rise about four inches in the air and that when the weight was released after the truck had passed, the plate dropped causing him to fall and to injure himself. He admitted that he did not see the truck until it was

very close to him and that he made no attempt to get out of its way. It is undisputed that there was some snow and ice on the ground including the area of the plates.

A witness for the defendant, Latherow, testified that he was employed by the defendant as a foreman of carpenters, bricklayers and masons, and that he was charged with the duty of maintaining and repairing the twenty-three metal plates in the crossing; that he had examined the plates in 1946, about two years after the accident, the crossing then being, according to his testimony, in the same condition as it was when the accident occurred. He stated that the plates had been put into place more than thirteen years before; that there had been no periodical routine inspection of them. He testified: "I can't remember when the repairs were made to that crossing." He stated also that he had found several plates to be loose or wobbly, one with a "wobble" or "teeter" of an inch and a quarter but that the rest of them had less than a half inch wobble. In his opinion, none of the plates required repair. The witness said that he had received no complaints about the condition of the crossing but he did admit that in a signed statement he had reported that he had received "very few complaints". He conceded that some repairs must be made on all crossings if they are to be maintained in good order.

There was also evidence that a few hours after the accident Shiffler gave a signed statement describing its occurrence, that he also talked to several persons about the accident on the day it occurred and that in the following July he had signed a compensation agreement which contained a description of the accident. It appears, however, that the first time a loose plate was asserted by him as a cause of the accident was two years later when the complaint in the instant case was filed.

■ The questions presented by the appeal are narrow indeed. According to the defendant's testimony the plates had been put in place some thirteen years before and it was not shown that they had been inspected since installation. It was the duty of the defendant to maintain the crossing in a proper and safe condition. Obviously if the plate was in the condition that Shiffler says it was, an inspection would have disclosed it. The defendant was under a duty to make a proper inspection. That the crossing was not maintained in a safe condition is obvious if the plaintiff's testimony be believed and for the purposes of the appeal it must be accepted without equivocation. It follows, therefore, that the defendant could be found guilty of negligence in not maintaining the crossing in a safe condition. If Shiffler was injured because of the condition of the crossing, and he says that he was, there was, of course, a question for the jury as to whether the defendant should be held to be liable in damages for Shiffler's injuries.

As we have indicated there was some testimony, albeit none too enlightening on the question of notice to the defendant, that Latherow had received complaints about the condition of the crossing. It does not appear whether the complaints dealt with the condition of the plates. We have disregarded this testimony.

■ The defendant offered evidence from which the jury could find that the accident could not have happened as Shiffler said it did happen. But questions as to the credibility of the witnesses, the weight of the evidence and the inferences to be drawn therefrom lay in the province of the jury. See Bailey v. Central Vermont Ry., 319 U.S. 350, 353-354, 63 S.Ct. 1062, 87 L.Ed. 1444, and Lavender v. Kurn, 327 U.S. 645, 66 S.Ct. 740, 90 L.Ed. 916. Cf. Myers v. Reading Co., 331 U.S. 477, 67 S.Ct. 1334, 91 L.Ed. 1615. The court below was in error in directing a verdict for the defendant.

The judgment of the court below will be reversed and the cause will be remanded for a new trial.