**QUIRIN v. PENNSYLVANIA R. CO.**

Civ. No. 9215.

United States District Court,
W. D. Pennsylvania.

July 16, 1952.

278

Robert B. Ivory, of Evans, Ivory & Evans, Pittsburgh, Pa., for plaintiff.

Bruce R. Martin, of Dalzell, McFall, Pringle & Bredin, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This proceeding involves a claim for damages under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq.

The case was administered by jury trial. The verdict was found in favor of the plaintiff in the amount of Twenty-four Thousand Dollars ($24,000).

The immediate matter before the court relates to a motion to set aside the verdict and award a new trial on the ground that the verdict was against the weight of the evidence.

Plaintiff was employed by defendant as a mechanic's helper. On or about June 1, 1950, he was engaged in straightening a steel member which served as a brace in the vicinity of the doors of a hopper car, referred to as a "stiffener" in railroad parlance. The tool which plaintiff was given by his foreman to apply to the stiffener slipped off, with the result that plaintiff fell with a twisting motion and was injured.

The Court is asked to set aside this verdict on the thesis that the plaintiff's testimony during trial was at variance with statements secured by the defendant's claim agent shortly after the accident. More particularly, plaintiff testified he examined the tool after the accident and noted it to be an alligator wrench on which there "wasn't any teeth on one side, and it was all wore off on the other side." On the other hand, defendant introduced two statements wherein plaintiff had allegedly asserted he never looked at the jaws of the tool.

Defendant advances the argument that the jury verdict, as to liability, is entirely premised upon plaintiff's testimony that he examined the tool immediately after the accident, and that the statements introduced to contradict this testimony require the Court, in the interest of justice, to grant a new trial.

Plaintiff's testimony explained that he told the Claim Agent precisely what he was say-

ing in court; that he had signed these statements without reading them, and that he had never received copies of the same.

■ It is my judgment that the veracity of plaintiff's testimony in this respect was squarely for the jury's determination. The statements were introduced in evidence, and were made available to the jury during their deliberations.

Plaintiff was twenty-five years of age at the time of accident, and appeared to be a person of limited education, with a most apparent retarded aptitude. A jury, with opportunity to observe and scrutinize the plaintiff and analyze his demeanor and reactions, could very readily accept the honest belief that plaintiff spoke truthfully at the time of trial, and that said statements incorrectly portrayed the facts.

■ At any rate, it is not the province of the court to substitute its judgment for that of the jury. The choice of conflicting versions of the way the accident happened, the decision as to which witness was telling the truth, the inferences to be drawn from uncontroverted as well as controverted facts, are questions for the jury; Tennant v. Peoria & P. U. R. Co., 321 U.S. 29, 64 S. Ct. 409, 88 L.Ed. 520, and where, as here, the case turns on controverted facts and the credibility of witnesses, the case is peculiarly one for the jury. Washington & Georgetown R. Co. v. McDade, 135 U.S. 554, 572, 10 S.Ct. 1044, 34 L.Ed. 235; Tiller v. Atlantic Coast Line R. Co., 318 U.S. 54, 68, 63 S.Ct. 444, 87 L.Ed. 610.

■ Even if I were to assume that this contradiction between the statements after the accident would justify the expurgation of testimony during trial, the plaintiff's testimony on his alleged examination of the tool after the accident, nevertheless, the jury's verdict as to liability, could well be sustained on testimony developed to show that plaintiff was directed to perform a new mechanical operation without any instruction in the use of the tool employed.

■ The verdict of the jury should be set aside only if so grossly unreasonable as to shock the conscience of the court, or if it clearly manifests that the verdict was a result of mistake, caprice, prejudice, or other improper motive, and not merely because the judge, had he tried the case without a jury, would have made a different award. Foresman v. Pepin, D.C., 71 F.Supp. 772, affirmed 3 Cir., 161 F.2d 872.

■ I am satisfied that the award was commensurate with the degree of injury and disability evidenced in the record.

■ There was ample evidence in this case to justify the jury in its finding in favor of the plaintiff. It is my duty to recognize that a court is not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions, or because the court regards another result as more reasonable. Tennant v. Peoria & P. U. R. Co., supra; Masterson v. Penna. R.R. Co., 3 Cir., 182 F.2d 793.

Motion for new trial is refused.

An appropriate Order is entered.