## WEBB *v.* ILLINOIS CENTRAL RAILROAD CO.

No. 42.   Argued December 3, 1956.—Decided February 25, 1957.

*Robert J. Rafferty* argued the cause for petitioner. With him on the brief was *Carl L. Yaeger.*

*Herbert J. Deany* argued the cause for respondent. With him on the brief were *Joseph H. Wright, Robert S. Kirby* and *William F. Bunn.*

MR. JUSTICE BRENNAN delivered the opinion of the Court.

This is an action under the Federal Employers' Liability Act,[1] in which certiorari was granted to consider whether the Court of Appeals for the Seventh Circuit

---

[1] 35 Stat. 65, as amended, 36 Stat. 291, 53 Stat. 1404, 45 U. S. C. § 51 *et seq.*

erred in reversing a judgment for damages awarded to the petitioner in the District Court for the Northern District of Illinois.[2] The ground for the reversal was that the evidence was insufficient to allow a jury determination of the respondent's alleged negligence, so that respondent's motion for a directed verdict should have been granted.[3]

The petitioner, working as a brakeman on July 12, 1952, injured his kneecap in a fall on a cinder roadbed at a point some 15 feet from a house track switch at Mount Olive, Illinois. He was alongside a track connecting to the switch and slipped on an unnoticed and partially covered cinder "about the size of [his] fist" embedded in the level but soft roadbed.

It is conceded that the clinker in the roadbed created a hazardous condition giving rise to respondent's liability under the Act if the proofs raised a jury question of respondent's alleged negligence in causing or permitting the clinker to be there. The Court of Appeals viewed the evidence as insufficient to raise a jury question because the petitioner did not adduce proofs showing what standard procedures were followed to prevent large clinkers from being used in road ballast and in inspecting roadbeds for hazards to firm footing. We do not think that the petitioner's evidence was lacking in such proofs even if we assume, and we question, that he had that burden. On the contrary, we think there were probative facts in the evidence to justify with reason a jury finding of the negligence alleged.

"[I]n passing upon whether there is sufficient evidence to submit an issue to the jury we need look only to the evidence and reasonable inferences which tend to sup-

[2] 351 U. S. 905.
[3] 228 F. 2d 257.

port the case of a litigant against whom a peremptory instruction has been given." [4] We think the jury could have found from the proofs that, 3 weeks before the mishap, respondent elevated the house switch and the connecting tracks some 5 inches, using 15 cubic yards of cinder and chat ballast. Petitioner testified without objection, based on his knowledge and experience gleaned from 27 years of railroading, that the railroad's custom and practice was to take precautions to prevent the presence of large clinkers in a railroad bed, both because "it doesn't give good footing; and it cannot be tamped in under the ties for support." Moreover, the respondent's evidence supplied additional facts. The section foreman in charge of the repair work testified that he did not screen the ballast for large clinkers but merely visually inspected the ballast as it was shoveled by four laborers onto "the push-cart" before being taken to the site. His testimony was that the largest cinder he saw would be "say two inches in diameter. . . . Of course, I have no way of knowing exactly, but about." In this posture of the proofs, there is ample evidence for a jury to determine whether the procedure followed satisfied the standard to be expected from a prudent man in light of the hazard to be prevented.

We also think that a jury question was presented by the evidence bearing on the adequacy of respondent's roadbed inspection practices used to discover hazards to firm footing. As the jury might find that the clinker was in the ballast used in the repair work, so also the jury might find, from the fact that it was in the roadbed for three weeks, that inspection was not properly made. There was evidence from which it could have been found that the clinker was not discovered either by the foreman in semiweekly inspections of the location, made in part

---

[4] *Wilkerson* v. *McCarthy*, 336 U. S. 53, 57.

to discover and remove hazards to workmen, or by a track inspector and a track supervisor making less frequent inspections. It was for the jury to weigh the evidence and to decide whether or not the inspections satisfied respondent's duty to provide the petitioner with a safe place to work.

The Court of Appeals said: "That defendant placed the clinker in its roadbed as a part of the ballast used in the repair operation is merely one of several possibilities present. A finding that it did so can rest on nothing but speculation." [5] In this connection the Court of Appeals mentioned two other possible sources of the clinker. One was the L. & N. Railroad, whose main line and house tracks immediately adjoined and were connected to the respondent's house switch by a cross-over track. Another was that some stranger may have brought the clinker onto respondent's unfenced right-of-way. That there were other possible sources of the clinker would not, of course, justify a directed verdict in light of our conclusion that the evidence supports with reason a jury finding that the respondent negligently caused the clinker to be in the ballast used in the repair work and failed to use proper care to discover and remove it.[6] Indeed, we do not think that the evidence would reasonably support a finding that the clinker came from another source.

Although we do not think that the case presents an issue of causation, if the quoted language of the Court

---

[5] 228 F. 2d, at 259.

[6] Some speculation may have entered into the jury's decision. However, this Court has stated: "It is no answer to say that the jury's verdict involved speculation and conjecture. Whenever facts are in dispute or the evidence is such that fair-minded men may draw different inferences, a measure of speculation and conjecture is required on the part of those whose duty it is to settle the dispute by choosing what seems to them to be the most reasonable inference." *Lavender* v. *Kurn*, 327 U. S. 645, 653.

of Appeals is read as holding that a jury finding could not reasonably be made that respondent's negligence "in whole or in part" caused the petitioner's injury, then what we said in *Rogers* v. *Missouri Pacific R. Co.*, *ante*, p. 500, at 505–507, also decided today, is pertinent:

". . . But that would mean that there is no jury question in actions under this statute, although the employee's proofs support with reason a verdict in his favor, unless the judge can say that the jury may exclude the idea that his injury was due to causes with which the defendant was not connected, or, stated another way, unless his proofs are so strong that the jury, on grounds of probability, may exclude a conclusion favorable to the defendant. That is not the governing principle defining the proof which requires a submission to the jury in these cases. . . .

"Under this statute the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought. It does not matter that, from the evidence, the jury may also with reason, on grounds of probability, attribute the result to other causes, including the employee's contributory negligence. Judicial appraisal of the proofs to determine whether a jury question is presented is narrowly limited to the single inquiry whether, with reason, the conclusion may be drawn that negligence of the employer played any part at all in the injury or death. Judges are to fix their sights primarily to make that appraisal and, if that test is met, are bound to find that a case for the jury is made out whether or not the evidence allows the jury a choice of other probabilities."

We have considered the remaining questions, not passed upon by the Court of Appeals, and find them to be unsubstantial.   Accordingly, we remand the case for proceedings in conformity with this opinion.

The judgment is

*Reversed.*

MR. JUSTICE BURTON concurs in the result.

MR. JUSTICE REED would affirm the judgment of the Court of Appeals.

[For dissenting opinion of MR. JUSTICE FRANKFURTER, see *post,* p. 524.]

[For opinion of MR. JUSTICE HARLAN, dissenting in this case, see *post,* p. 559.]