**William J. GOLDEN**

v.

**READING COMPANY, Appellant.**

**No. 12387.**

United States Court of Appeals Third Circuit.

Argued March 4, 1958.

Decided March 18, 1958.

Henry R. Heebner, Philadelphia, Pa., (Morgan, Lewis & Bockius, Philadelphia, Pa., on the brief), for appellant.

William C. Martin, Syracuse, N. Y. (Harry A. Demar, Philadelphia, Pa., on the brief), for appellee.

Before GOODRICH, McLAUGHLIN and KALODNER, Circuit Judges.

PER CURIAM.

██ This is an appeal from a judgment for the plaintiff in a suit brought against the Reading Company under the Federal Employers' Liability Act, 45 U. S.C.A. § 51 et seq. The judgment was entered following a verdict by the jury. Plaintiff, a thirty-four year old freight conductor, was injured when a portion of a retaining wall on which he stepped gave way as he left a yardmaster's shack in the railroad yards and went out to signal his train.

The trial judge put the point so clearly in his short but trenchant opinion upon the appellant's motion for judgment that we can do little more than restate what he said. He pointed out two earlier cases in this Circuit which held that the defendant was not required to protect his employee from dangers in a place where his duties did not call him. But, he said, that principle seems to have gone into the discard and today's ques-

tion is whether the railroad could reasonably have anticipated that its employees might be in the place where an injury occurs. This very question was put to the jury at the request of the defendant. It is now pretty clear that a jury finding with evidence to support it in one of these cases is not subject to change by either the trial or appellate courts. Ringhiser v. Chesapeake & O. R. Co., 1957, 354 U.S. 901, 77 S.Ct. 1093, 1 L.Ed.2d 1268; Webb v. Illinois Cent. R. Co., 1957, 352 U.S. 512, 77 S.Ct. 451, 1 L.Ed. 2d 503.

The judgment of the district court will be affirmed.

Sanborn, Circuit Judge, dissented.