**GRANDE, Plaintiff-Appellee, v. ERIE RAILROAD COMPANY et, Defendant-Appellant.**

Ohio Appeals, Seventh District, Mahoning County.

No. 4077.   Decided December 22, 1959.

Russell G. Mock, Youngstown, for plaintiff-appellee.

Manchester, Bennett, Powers & Ullman, Youngstown, for defendant-appellant, Erie Railroad Company.

**OPINION**

Per CURIAM.

Defendant, Erie Railroad Company, appeals on questions of law from a judgment of the court of common pleas entered upon a jury verdict for $125,000.00 returned for plaintiff in his action against it and the Youngstown Sheet and Tube Company to recover damages for personal injuries.   The Youngstown Sheet and Tube Company had paid to plaintiff $60,000.00 in settlement of its proportionate share of such verdict.

Plaintiff's action against Erie was brought under favor of the Federal Employers' Liability Act (45 U. S. C. A. 51), which did not make Erie an insurer of plaintiff's safety when he was injured.

About 8:45 P. M. on March 25, 1956, plaintiff, unmarried, aged twenty-seven years, a part-time student at Youngstown College, employed by Erie as a member of a switching crew operating in the "hot bed building" at the Brier Hill Plant of the Youngstown Sheet and Tube Company, under the direction of the Youngstown Sheet and Tube Company, was injured when a car he was riding was derailed pinning him between that car and a car on an adjacent track.

Plaintiff's fellow ground crewman testified that it was plaintiff's duty to protect the front end of the train, the front car of which plaintiff was riding. Because of a curve in the track outside of the building and the cars ahead of the engine the engineer could not see where he was going.

Erie contends that the trial judge erred to its prejudice in refusing to charge the jury upon the issue of plaintiff's contributory negligence; and further erred in "refusing to charge the jury in writing before argument, that any award which they might make to plaintiff was not subject to federal income taxes and therefore they should not add anything to it on the basis that it was subject thereto"; and further claims error in failing to direct a verdict in favor of Erie.

It is Erie's claim in general that plaintiff offered no evidence whatever from which a jury could reasonably conclude that Erie had been negligent.

Erie argues:—

"Most people are also conscious of the fact that the Federal Government also imposes graduated taxes upon gifts and upon decedents' estates and as in the case of income taxes, the greater the gift or the larger the estate, the more the tax. Today everybody is tax conscious and jurors bring this background of knowledge to the courtroom with them and it is very natural that they should believe that the compensation which they award a plaintiff is subject to the very same income taxes as is their own compensation and that the greater their award the greater the tax. When under such a misapprehension would they not feel that in fairness to a plaintiff, they should add a substantial amount to the verdict so that after paying the high income tax, he would still have enough left to fully compensate him for his loss. Thus, their natural sense of justice and fair play prompts them to render an injustice. Why shouldn't they be told what the law is? A plaintiff has no right to a verdict which has been substantially increased under such a mistaken belief."

We find no merit to this argument.

The Ohio Legislature has enacted many statutes applicable to railroads operating in this state. Sec. 4973.08 R. C., provides:—

"Every railroad company operating a railroad in whole or part within this state is liable for all damages sustained by any of its employees by reason of personal injury or death of such employee:

"(A) When such injury or death is caused by a defect in any locomotive, engine, car, handcar, rail, track, machinery, or appliance required by such company to be used by its employees in and about the business of their employment, if such defect could have been discovered by reasonable and proper care, tests, or inspection. Proof of such defect

shall be presumptive evidence of knowledge of it on the part of such company. An employee of such railroad company who is injured or killed as a result of such a defect shall not be deemed to have assumed the risk occasioned thereby although continuing in the employment of the company after knowledge of the defect, nor shall continuance in employment after such knowledge by an employee be deemed an act of contributory negligence. * * *."

Richard Murar, a brakeman, on cross-examination, testified:—

"Q. I believe you told Mr. Mock that the level of the rails of the tracks in this building was about the same as the level of the ground with the building, is that true?

"A. Yes.

"Q. Ordinarily, when you see a railroad track in the country, you see the ballast and then you see the ties and then you see the rails on top of the ties, they are elevated.

"A. Yes sir.

"Q. But in this situation you saw no such thing.

"A. No.

"Q. They are underground.

"A. They are under dirt."

An inference of negligence arises in Ohio by the derailment of railroad equipment, and the courts hold it is the kind of an accident which does not ordinarily happen if due care is exercised.

Erie offered no evidence on any issue. It was a question to be submitted to the jury upon the petition and the evidence offered by plaintiff. We believe the first assignment of error is not well taken.

We come now to consider Erie's second assignment of error that "the trial court erred in refusing to charge the jury upon the issue of plaintiff's contributory negligence."

Plaintiff contends this assignment of error is not well taken because it was not pleaded and the evidence offered by plaintiff did not present an issue of contributory negligence. The record shows requests to charge before argument by each defendant, none of which pertained to contributory negligence of the plaintiff. The only request to charge on contributory negligence was at the close of the court's charge.

Plaintiff claims that a perusal of the record will show Erie did not cross-examine plaintiff or the conductor, Frank Speicher, the eye-witness to the accident, as to the actual happening of the accident.

Plaintiff claims he offered evidence in support of every issue in the pleadings. Plaintiff testified as follows:—

"Q. Now, as you were proceeding along with the train, with your lantern, and a foot on the stirrup and hand on the grab iron, you were looking in the direction of east, is that correct?

"A. That is right.

"Q. And at that time did you relay any signal to the conductor?

"A. Yes, I gave a steady signal.

"* * *

"Q. So that when two or three cars were on Track 239, what happened to the car upon which you were riding?

"A. It became derailed.

"* * *

"Q. * * * What did you do when you realized the car was derailed?

"A. Well, I didn't realize the car was derailed until I was being crushed."

Contributory negligence is the failure to exercise ordinary care for one's own safety. There is no evidence in the record which infers plaintiff did anything to cause the car to be derailed, and there is no evidence to show plaintiff could do anything to prevent the car from being derailed.

A test conducted a few hours after the accident showed the metal round which was imbedded in the ground near the inside of the north rail, and the condition of the rails and roadbed produced the derailment.

The situation presented is: Defendant did not plead contributory negligence, and the evidence offered upon behalf of plaintiff did not raise the issue. The courts of Ohio have held that to give such a charge under the circumstances would be error.

In the case of **Cincinnati Traction Company v. Forrest, 73 Oh St 1,** the syllabus states:—

"1. The rule that the court ought to adapt its charge to the issues made by the pleadings and the evidence, forbids the introduction into the charge of instructions upon an issue not so raised.

"2. Where in a suit to recover for personal injuries occasioned by the alleged negligence of the defendant, the petition, after stating the facts upon which the plaintiffff bases his action, avers that the plaintiff was free from fault and the answer is a general denial, there is no issue of contributory negligence, and where, in such case, the testimony introduced by the plaintiff does not tend to show contributory negligence, it is error for the court to introduce the element of contributory negligence in its charge to the jury and give instructions thereon. And where it is apparent that the jury may have been misled by such charge to the prejudice of the defeated party, the judgment will be reversed and a new trial awarded."

In the case of **Ricks v. Jackson, 169 Oh St 254,** the first paragraph of the syllabus reads:—

"In the absence of evidence that a person knew of a danger or that the danger was so obvious that he must be taken to have known of it, it cannot be held that such person assumed the risk of injury from such danger.

At page 257 of the opinion it is said:—

"This court has held that it is reversible error to charge a jury with respect to the issue of contributory negligence where there is no evidence to support that issue. **Cincinnati Traction Co. v. Forrest, 73 Oh St 1.**"

The trial court was not in error, as claimed in Erie's assignment of error number two, in refusing to charge upon contributory negligence when it was not an issue in the case by the pleadings or the evidence.

The trial judge refused to give the following request to charge:—

"Members of the jury, I say to you that under the present Federal

Income Tax Law, any award that you may make to the plaintiff in this case, is not subject to Federal Income Tax and, therefore, you should not add anything to any such award on the basis that it is subject to such a tax."

In arguing the third assignment of error plaintiff contends that the subject of federal income taxes is exclusively a matter between the taxpayer and the Internal Revenue Department; and that a tortfeasor has no interest in such subject.

In the case of **Maus v. The New York, Chicago & St. Louis Rd. Co., 165 Oh St 281,** the second paragraph of the syllabus reads:—

"In an action under the Federal Employer's Liability Act, where, among the elements of damages, there is a claim of impaired earning capacity, past and future, it is not error for the trial court to refuse defendant's written request to charge before argument that, as a matter of law, 'by virtue of the Internal Revenue Act of 1954, any amount received by the plaintiff as compensation for personal injuries is exempt from federal income taxation, and you must take this fact in consideration in arriving at the amount of your verdict in this case.' "

At page 285 of the opinion it is said:—

"In view of the state of the law as reflected by the authorities hereinbefore cited and the logic of the situation in the instant case, this court finds that the trial court committed no error in refusing to give the requested charge here involved."

Erie does not assign error by reason of the amount of the verdict; and therefore the refusal to charge does not present any question of error.

The case of **Harris v. Pennsylvania Rd. Co., 108 Oh Ap 541,** reported in the December 14, 1959, Ohio Bar, holds:—

"Under the Federal Employers' Liability Act (Section 51 et seq., Title 45, U. S. Code), the slightest evidence of negligence on the part of an employer-railroad in not using reasonable care to furnish an employee with a safe place to work, even where such employee's work is fleeting and on premises not belonging to or under the control of such employer, is sufficient to sustain a jury verdict in favor of such employee; and, in an action under such Act against a railroad by an employee, the jury's finding that the employer-railroad was negligent in failing to use reasonable care to provide such employee with a safe place to work is sustained by evidence that such employee was required to work on a cross-tie which was elevated a substantial distance above ground level and was covered with grease or oil thereby affording unstable footing. (Webb v. Illinois Central Rd. Co., 352 U. S., 512; Rogers v. Missouri Pacific Rd. Co., 352 U. S. 500; Bailey v. Central Vermont Ry., Inc., 319 U. S. 350, 354; Lavender, Admr. v. Kurn, 327 U. S. 645; Beattie v. Elgin, Joliet & Eastern Ry. Co., 217 F. (2d), 863, followed.)"

This pronouncement of the law is in accord with the views of this court.

Holding this view, the judgment of the court of common pleas is affirmed.

GRIFFITH, PJ, PHILLIPS and DONAHUE, JJ, concur.