Francesco SANO, Appellant,

v.

PENNSYLVANIA RAILROAD
COMPANY.

No. 13103.

United States Court of Appeals
Third Circuit.

Argued April 7, 1960.

Decided Aug. 9, 1960.

Hymen Schlesinger, Pittsburgh, Pa., for appellant.

Norman J. Cowie, Pittsburgh, Pa. (Samuel W. Pringle, Pringle, Bredin & Martin, Pittsburgh, Pa., on the brief), for appellee.

Before McLAUGHLIN, STALEY and FORMAN, Circuit Judges.

FORMAN, Circuit Judge.

This case arises under the Federal Employers' Liability Act.[1] The sole question for decision is whether the district court committed error in granting a motion in favor of the Pennsylvania Railroad Company, the defendant-appellee, for an involuntary dismissal on the ground that Francesco Sano, the plaintiff-appellant, failed to prove a case for jury consideration.

Sano was employed by the Railroad as a stores laborer in a warehouse located in its yards at Pitcairn, Pennsylvania. On the morning of February 20, 1956, at about 9 a.m., he was engaged in shoveling soap powder from a large drum into smaller containers. After filling several containers with soap he was instructed by his superior to get three cartons of paper towels ready for shipment. These cartons of paper towels weighed about 54 pounds each and were located about 40 feet from the area where the soap powder was situated. While Sano was in the process of loading the third carton of pa-

per towels on a hand truck his foot slipped and he fell. He testified that as he was falling, he felt "a little sharp pain" in his back. After picking himself up, Sano looked at the soles of his shoes and saw a lump of soap powder on one of them about the size of a half dollar. He testified that he scraped it off and that it felt wet and sticky.

The floor at the point where Sano slipped was clean and dry. However, he did allege that there was soap on the floor at the place where the large drum of soap powder was located. There was inconsistent testimony by the plaintiff as to whether there was soap powder on the floor when he started to work.[2] In fact he conceded he might have spilled some soap powder while performing his job. He stated that the floor of the warehouse at the point where he was shoveling soap powder was wet from rain which had come in through a leaky roof. He further asserted that the roof of the warehouse had been leaking in various places for some time in spite of the fact that the defendant had made repairs almost continuously.

At the conclusion of Sano's testimony, his counsel announced that he would call no other witnesses on the issue of liability. Thereupon the Railroad's counsel moved for a directed verdict, but the court granted a motion for an involuntary dismissal under Rule 41(b), Federal Rules of Civil Procedure, 28 U.S.C.A. We shall have more to say concerning this procedure later.

The Federal Employers' Liability Act imposes upon the employer the duty to use reasonable care to furnish his employees a safe place to work. Bailey v. Central Vermont Ry., 1943, 319 U.S. 350, 63 S.Ct. 1062, 87 L.Ed. 1444; Schilling v. Delaware & H. R. Corp., 2 Cir., 1940, 114 F.2d 69; Kaminski v. Chicago River & Indiana R. Co., 7 Cir., 1953, 200

1. 35 Stat. 65, as amended, 36 Stat. 291, 53 Stat. 1404, 45 U.S.C.A. § 51 et seq.

2. Conflicts in a plaintiff's testimony are for resolution by the jury. Wiles v. New York, Chicago & St. Louis Railroad Co.,

3 Cir., 1960, 283 F.2d 328; Thomas v. Atlantic Coast Line Railroad Co., 5 Cir., 1955, 223 F.2d 1; Quirin v. Pennsylvania R. Co., D.C.W.D.Pa.1952, 106 F. Supp. 277.

F.2d 1. The liability of the employer is not absolute but is grounded on negligence. Brady v. Southern Ry. Co., 1943, 320 U.S. 476, 64 S.Ct. 232, 88 L.Ed. 239; Burch v. Reading Co., 3 Cir., 1957, 240 F.2d 574, certiorari denied 1957, 353 U.S. 965, 77 S.Ct. 1049, 1 L.Ed.2d 914. It is to be determined under the general rule which defines negligence as the failure to use due care under the circumstances; or the failure to do what a reasonable and prudent man would have done under the same or similar circumstances. Tiller v. Atlantic Coast Line R. Co., 1943, 318 U.S. 54, 63 S.Ct. 444, 87 L.Ed. 610. Although reasonableness depends upon the danger attending the place or machinery the duty to use reasonable care is a continuing one from which the carrier is not relieved because the employee is working at a place where the danger is fleeting or infrequent. Bailey v. Central Vermont Ry., supra. However, before the employer can be charged with negligently failing to provide a safe place to work he must have actual or constructive knowledge of the defective condition. Schilling v. Delaware & H. R. Corp., supra; Kaminski v. Chicago River & Indiana R. Co., supra.

■ As heretofore stated, although the Railroad's counsel made a motion for a directed verdict the court granted a motion for an involuntary dismissal under Rule 41(b), Federal Rules of Civil Procedure. Since the case was being tried with a jury a motion for a directed verdict under Rule 50(a), Federal Rules of Civil Procedure, was the more appropriate motion. Kingston v. McGrath, 9 Cir., 1956, 232 F.2d 495, 54 A.L.R.2d 267. However, since the record discloses no findings as required by Rule 41(b) we shall treat the judgment as one entered upon a directed verdict pursuant to Rule 50(a). Makowsky v. Povlick, 3 Cir., 1959, 262 F.2d 13; Meyonberg v. Pennsylvania R. Co., 3 Cir., 1947, 165 F.2d 50.

■■ On a motion for a directed verdict the evidence adduced by the plaintiff and all reasonable inferences to be drawn therefrom are to be viewed in a light most favorable to him. Webb. v. Illinois

Central R. Co., 1957, 352 U.S. 512, 77 S. Ct. 451, 1 L.Ed.2d 503; Shiffler v. Pennsylvania R. Co., 3 Cir., 1949, 176 F.2d 368; McCracken v. Richmond, Fredericksburg & Potomac R. Co., 4 Cir., 1957, 240 F.2d 484. The trial court may not weigh the evidence since this is the function of the jury. Webb v. Illinois Central R. Co., supra; McCracken v. Richmond, Fredericksburg & Potomac R. Co., supra. Viewed in this perspective

"* * * the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought. It does not matter that, from the evidence, the jury may also with reason, on grounds of probability, attribute the result to other causes, including the employee's contributory negligence." Rogers v. Missouri Pacific R. Co., 1957, 352 U.S. 500, 506, 77 S.Ct. 443, 448, 1 L.Ed.2d 493.

The Supreme Court has emphatically stated that these actions are solely for the jury

"* * * in all but the infrequent cases where fair-minded jurors cannot honestly differ whether the fault of the employer played any part in the employee's injury * * *." Rogers v. Missouri Pacific R. Co., supra, 352 U.S. at page 510, 77 S.Ct. at page 450.

■ Having stated the applicable rules we shall now endeavor to apply them to the facts of the instant case. It very well may be that the failure of the Railroad to have the spilled soap removed would not provide an issue of negligence for the jury. Sano testified that there was soap on the floor when he started to work. But he also stated that he might have spilled some while shoveling it from the large drum to the smaller containers. What soap caused his fall? If it were the latter, it cannot alone afford a rational basis for a finding of negligence, as

there is no evidence as to how long it had been present on the floor. However, Sano also testified that the storehouse roof was defective and had been leaking for some time, and that the floor was wet near the soap powder. This fact in conjunction with his testimony that there was soap on the floor of the storehouse either before or after he commenced work on the day in question provide a basis from which a jury could reasonably find that the Railroad did not exercise due care in providing Sano with a reasonably safe place in which to work and that his fall and injury were caused thereby.

The Railroad strenuously argues that no evidence was adduced as to when the alleged leak developed. But plaintiff's testimony on cross-examination would seem to refute this contention. The pertinent portion of that testimony is as follows:

"Q. And it was dry, never wet in that area was it? A. Sometime was wet.

"Q. It wasn't wet that morning, was it? A. A little bit wet, the floor. Was a little bit of sprinkle, was rain, light.

"Q. Every time it sprinkled outside there wasn't any water, wasn't water come through in the warehouse was there? A. Come from the roof. The roof was leaking.

"Q. The roof never leaked, especially in that area where the soap powder was? A. Was a-leaking there too, across that, the soap powder, all on the floor.

"Q. You're sure of that? A. That's right.

"Q. Now when the roof did leak anywhere at all, they'd fix it right away, wouldn't they? A. They fix a couple of time, is keep leaking again there."

From this testimony a jury reasonably could find that either the alleged leak existed for a sufficient time to put defendant on notice or that defendant having had actual notice, repaired the roof but did so negligently. In fact the Railroad, in its brief, conceded that

"* * * The only justifiable inference then was that they missed a very small hole which was just large enough to let in a little water to wet the floor * * *."

Even if the jury were to accept this assertion as true, it might reasonably conclude that under the circumstances that there had been a lack of due care. The Railroad's contention that there was no evidence to show that any rain leaking through the roof moistened any soap so that it would adhere to the sole of Sano's shoe is without merit in view of his testimony that the floor where he was shoveling soap was wet due to the leaky roof. Certainly the jury could with reason infer that the soap which allegedly caused plaintiff's fall was moistened by water from the leaky roof.

Defendant places great reliance on two cases decided by this court. They are Dessi v. Pennsylvania Railroad Company, 3 Cir., 1958, 251 F.2d 149, 151, certiorari denied 1958, 356 U.S. 967, 78 S. Ct. 1006, 2 L.Ed.2d 1073 and Wergin v. Monessen Southwestern Railway Co., 3 Cir., 1958, 258 F.2d 806. In the former case this court held that in an F.E.L.A. action a jury verdict cannot be based solely on speculation but rather that the plaintiff must "present probative facts from which the negligence and the causal relation could reasonably be inferred." We see no conflict between that position and the conclusion we reach here. In the latter case the plaintiff charged that her decedent husband had fallen and been injured because of an accumulation of grease and oil on the concrete walk in defendant's round house. To support this contention she testified that she saw grease on the decedent's clothes. However, the court noted that the plaintiff had not seen the clothes until a day and a half after the accident and there was no explanation of where they were in the interim. Moreover not only was there affirmative testimony that the decedent's clothes bore no grease or oil marks following the accident but all witnesses said

there was no grease or oil on the concrete walk at the critical time. In contrast to the testimony in Wergin, we have here the statement of Sano that the floor was wet, had soap powder on it and that he found wet soap powder on the sole of his shoe when examining it immediately after falling.

Accordingly the judgment entered below is reversed and the case is remanded for trial.