■ GUY E. HORTON, Appellant, v. NEW YORK CENTRAL RAILROAD COMPANY, Respondent.—

In our opinion, the proof adduced was sufficient to present an issue as to whether defendant, in maintaining the premises in such manner that the door to the panel box containing the switch was customarily obstructed by another door, violated its duty to use reasonable care to furnish plaintiff a safe place to work (cf. *Sano* v. *Pennsylvania R. R. Co.*, 282 F. 2d 936). Since there was not a complete absence of probative facts to support the jury's finding that negligence on the part of defendant played some part in producing plaintiff's injuries, the verdict in plaintiff's favor should not have been set aside (cf. *Lavender* v. *Kurn*, 327 U. S. 645, 653; *Rogers* v. *Missouri Pacific R. R. Co.*, 352 U. S. 500, 506–508, 510). We are also of the opinion that there was ample proof to justify the jury's finding that plaintiff was guilty of contributory negligence and that the damages were required to be reduced substantially by reason thereof (cf. *O'Neill* v. *Erie R. R. Co.*, 182 App. Div. 729; U. S. Code, tit. 45, § 53). Nolan, P. J., Beldock, Kleinfeld, Christ and Pette, JJ., concur.

■ In the Matter of the Arbitration between BIG-W CONSTRUCTION CORP., Respondent, and SAMUEL HOROWITZ et al., Doing Business as HOROWITZ & RUBIN, Appellants.—

No opinion. Nolan, P. J., Beldock, Kleinfeld, Christ and Pette, JJ., concur. [24 Misc 2d 145.]