**LANDRUM MILLS HOTEL CORP. et al.,**
Defendants, Appellants,

v.

Misha FERHATOVIC a/k/a Misha Ferman, Plaintiff, Appellee.

No. 6068.

United States Court of Appeals
First Circuit.

May 8, 1963.

Andrew B. Goodspeed, Boston, Mass., F. Fernandez Cuyar, San Juan, P. R., on the brief, for appellants.

Samuel J. Davidson, Jersey City, N. J., for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

HARTIGAN, Circuit Judge.

This is an appeal from a judgment of the United States District Court for the District of Puerto Rico following a jury verdict for the plaintiff in the sum of $25,000 in an action involving defendant hotel corporation's alleged negligence in connection with the operation and maintenance of its beach and bathing facilities.[1]

Defendants urge that (1) the trial judge erred in allowing the case to go to the jury and in refusing to direct a verdict for the defendants and (2) in refusing to grant a motion for judgment *non obstante veredicto* pursuant to Rule 50(b) of the Federal Rules of Civil Procedure.

1. Plaintiff also joined as defendants Firemen's Fund Insurance Company of New York and one Edwin Noel Cuevas.

Plaintiff was a guest at the La Concha Hotel in Puerto Rico, operated by defendant, Landrum Mills Hotel Corp. He had arrived at the hotel a short time before the events at issue occurred. On August 12, 1959, plaintiff went to the hotel's beach to go swimming. Upon finishing his swim and as he was about to leave the water, he was struck in the face by a surf board. The surf board was labeled "La Concha" and there was evidence that it was being used at the time by an employee of the hotel, but plaintiff makes no claim based on the employee relationship.

Plaintiff's theory of the case comes down essentially to the contention that defendants were negligent in (a) either allowing the use of surf boards in the area reserved for bathing or (b) in not providing more adequate supervision or safeguards in connection with use of surf boards.

In a request for admission of facts, pursuant to Rule 36 of the Federal Rules of Civil Procedure, defendants admitted that they had put up no warning signs or other devices to alert guests to the fact that surf boards were being used in the hotel's bathing area. Defendants maintain that they had "beach employees in charge of activities therein, including the use of surfboard." However, defendants offered no evidence to this effect.

Although the question of negligence is a close one, we believe that the case properly was allowed to go to the jury and that there was no error in the trial judge's refusal to direct a verdict for the defendants. As we have pointed out previously:

"* * * The focal point of judicial review is the reasonableness of the particular inference or conclusion drawn by the jury. It is the jury, not the court, which is the fact-finding body. It weighs the contradictory evidence and inferences, judges the credibility of witnesses, receives expert instructions, and draws the ultimate conclusion as to the facts. The very essence of its function is to select from among conflicting inferences and conclusions that which it considers most reasonable. * * *" Roche v. New Hampshire Nat. Bank, 192 F.2d 203, 205 (1st Cir. 1951).

In the instant case, there is no question that the surf board was the property of the hotel and, consequently, it can be fairly implied that the hotel having purchased it, could reasonably expect that it would be used in the water. This expectation, we believe, placed the hotel under a duty either to rigidly circumscribe the areas in which the surf board could be utilized or to take due measures to apprise guests—frequenting the area reserved for bathing—of the existence of the danger stemming from the use of surf boards. From all that appears in the record, defendants undertook neither of these steps. One of the means by which the hotel could have met this responsibility would have been to erect signs on the beach to alert the hotel's bathing guests of the potential danger inherent in the presence of surf boards in its bathing area. The hotel admitted that it did not do so. As was stated by the Supreme Court in another context: "In this posture of the proofs, there is ample evidence for a jury to determine whether the procedure followed satisfied the standard to be expected from a prudent man in light of the hazard to be prevented." Webb v. Illinois Central R. Co., 352 U.S. 512, 514, 77 S. Ct. 451, 1 L.Ed.2d 503 (1957). Consequently, we believe that a jury could reasonably conclude that the hotel breached its duty to plaintiff. Under all the circumstances, we agree with the trial judge that the "jury's verdict * * * was no doubt based on their own appreciation of the facts proved to them at the trial and the logical inferences which they could consider as derived therefrom."

Judgment will be entered affirming the judgment of the district court.