McCAIN, Justice.
By petition for certiorari we review a decision of the Second District Court of Appeal reported at 261 So.2d 580 which is *826 in conflict with those cases hereinafter cited and vests jurisdiction with this Court pursuant to Fla.Const., Art. V, § 3(b)(3), F.S.A.
In September, 1969, petitioner was employed by respondent and was assigned to the Wimauma Depot. While using a telephone provided for his use by respondent, lightning struck at or near the telephone equipment. Petitioner brought an action against respondent under Sec. 51-60, Title 45, U.S.C. (Federal Employers’ Liability Act) to recover damages for his personal injuries allegedly caused by lightning while he was using the telephone.
The material portions of petitioner’s “Second Amended Complaint” read as follows :
“3. That at all times material to this cause of action, the plaintiff, FRANK C. FOERMAN, was an employee of the defendant SEABOARD COAST LINE RAILROAD COMPANY doing business in Hillsborough County, Florida.
“4. That at all times material to this cause of action, the plaintiff was an employee of the defendant railroad and was working in his regular employment in furtherance of interstate commerce.
“5. That on or about the 17th day of September, 1969, the plaintiff, FRANK C. FOERMAN, was employed by the defendant, SEABOARD COAST LINE RAILROAD COMPANY, and was working at the Wimauma Depot where he as [sic] attempting to contact the railroad equipment room in Tampa, Florida, by means of a telephone, owned and operated by General Telephone Company, and provided for his use by the defendant railroad. Which telephone had on previous occasions been damaged when the lines thereto were struck by lightening [sic] and the said telephone was caused to explode, which fact was therein known to the defendant railroad and which lines thereto had not been grounded by the defendant railroad.
“6. That while so employed and while using the said telephone, he was seriously injured by lightening [sic] due to it having struck at or near the telephone equipment then in use by him.
“7. That at the aforesaid time and place, the defendant railroad was negligent in whole or in part in the following particulars:
“(a) in failing to provide plaintiff with a safe place to work ;
“(b) in negligently failing to protect plaintiff and other occupants of its station from damage by lightening [sic] by the erection or use of proper lightening [sic] protection equipment;
“(c) in negligently failing to see that their telephone equipment was properly grounded, although the said defendant railroad knew or should have known of the danger arising from the use of the said telephone equipment at the station due to lightening [sic];
“(d) in failing to provide lightening [sic] arresters on its telephone lines at said station.”
Respondent moved to dismiss this complaint upon the ground that it failed to state a cause of action upon which relief could be granted. Petitioner chose to stand upon his allegations. The trial judge granted respondent’s motion and dismissed the complaint with prejudice (also holding that disposition of respondent’s motion for more definite statement was unnecessary). Upon appeal the Second District Court of Appeal per curiam affirmed without opinion, and this conflict certiorari proceeding followed.
We are therefore faced with the narrow issue of the sufficiency of the quoted allegations to sustain a cause of action in negligence, a question which we are compelled to answer in the affirmative.
F.R.C.P. 1.110(b), 30 F.S.A., requires that a claim for relief must state a *827 cause of action, and further provides that a minimum complaint consists of a short and plain statement of the ultimate facts justifying relief. The numerous authorities holding that the complaint must be sufficiently pleaded so as to apprise both the court and the defendant of the nature of the claim asserted,[1] draw a distinction between the purpose of a motion to dismiss for failure to state a cause of action and a motion for more definite statement (the latter being directed to vagueness and ambiguity) .[2]
Under the foregoing pleading guidelines, it becomes necessary to determine the responsibility of the interstate common carrier (in this case a railroad) to its employees for personal injuries sustained in whole or in part while at work and covered by the Federal Employers’ Liability Act (F.E.L.A.).
In this respect, the United States Court of Appeals for the Fifth Circuit stated in Atlantic Coast Line R. Co. v. Dixon, 189 F.2d 525 (5th Cir., 1951):
“ . . . The employer is not held to an absolute responsibility . . . but only to the duty of exercising reasonable care to that end, the degree of care being commensurate with the danger reasonably to be anticipated negligence as lack of due care in the circumstances, that is, the doing of acts which a reasonably prudent person would not have done, or the failure to do what a reasonably prudent person would have done in the circumstances, or both
Additionally, in Williams v. Atlantic Coastline Railroad Company, 190 F.2d 744 (5th Cir. 1951), the Fifth Circuit held:
. . Under the Federal Employer [s’] Liability Act in cases not covered by the Safety Appliance Act, 45 U.S.C. A. § 1 et seq., the employer is not an insurer of the safety of the place of work, or of the instrumentalities or tools with which the employee is required to work, but the employer is required to exercise reasonable care to see that the employee is furnished with a safe place to work and with safe tools and instrumentalities for the performance of the work. Terminal R. Ass’n of St. Louis v. Howell, 8 Cir., 165 F.2d 135, 138; Bailey v. Central Vermont Ry., 319 U.S. 350, 352, 63 S.Ct. 1062, 87 L.Ed. 1444; Seaboard Air Line Ry. v. Horton, 233 U.S. 492, 501, 502, 34 S.Ct. 635, 58 L.Ed. 1062.”
Thus, while the F.E.L.A. does not make a railroad the insurer of an employee’s safety, the Act nevertheless imposes a duty of reasonable care to furnish the employee a reasonably safe place to work with reasonably safe tools and instruments, the absence of which because of negligence by the railroad carries liability.[3] While negligence must be based on some form of “fault”, nevertheless it is deemed to be liberally construed.[4]
Our Florida decisions also prove enlightening. In Atlantic Coastline Railroad Company v. Chancey, Fla.1954, 76 So.2d 871, our Court, quoting from Atlantic Coastline Railroad Company v. Dickson, *828 supra, affirmed a jury verdict for the railroad’s employee. There, where action was also commenced under the F.E.L.A., the employee sustained injuries in the course of his employment when he slipped and fell from an insecurely fastened gangplank and platform owned by a shipper. We held that the overriding consideration was whether the employer exercised reasonable care and diligence to make the tools and place of work safe; ownership by a third party of the work place and/or tools did not preclude recovery by the employee from the railroad.
In Seaboard Coast Line Railroad Company v. McKelvey, Fla.App.1972, 259 So.2d 777, an action initiated under the F.E.L.A., the Third District Court of Appeal in affirming a final judgment based on a jury verdict for the employee, observed:
“ . . .he alleged that his injury was caused by the joint negligence of the defendants; that his employer failed to provide him with a safe place to work; and that the County, upon whose premises the train was traveling at the time of the injury, failed to properly maintain a gate across the roadbed.”
Then, in McCalley v. Seaboard Coast Line Railroad Company, Fla.1972, 265 So.2d 11, through the succinct majority opinion by Justice Boyd, our Court stated:
“The landmark case on causation in F.E.L.A. actions is Rogers v. Missouri Pacific Railroad Co. [352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493] decided by the United States Supreme Court in 1957. The ‘Rogers rule’ on the question of causation is stated as ‘whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought.’ This Court in Atlantic Coast Line Railroad Co. v. Barrett, supra [Fla., 101 So.2d 37] recognized the Rogers rule and quoted extensively from that case. The Rogers case is generally interpreted as either departing from or entirely eliminating the common-law concept of proximate cause from F.E.L. A. actions. Decisions from Federal and State courts under F.E.L.A., decided prior to the Rogers case and referring to proximate causation, are of doubtful validity today.”
Applying the foregoing principles of law and procedure to the facts in the case sub judice, the issue before us is whether the complaint under attack contains sufficient allegations to make out a prima facie case for relief and to acquaint the court and respondent with respondent’s alleged wrongdoing to the extent necessary to enable the respondent to intelligently answer and defend itself. We conclude that it does.
Without question petitioner has brought himself within the provisions of the F.E.L.A. Negligence on the part of the respondent railroad has been generally alleged, and specifically attributed to an unsafe place to work and an unsafe tool or instrument, i. e. an exploding telephone. The complaint asserts that the telephone, while in use and in the course of employment, exploded for a second time when struck by lightning, that the employer knew or should have known of the unsafe telephone and that the employer was negligent in not providing for the erection or use of proper protective equipment, in not providing for grounding equipment and in failing to provide for arresters on the telephone lines. In our judgment, such allegations constitute a short and plain statement of the “ultimate facts” sufficient to justify relief and establish a prima facie case in negligence under the “reasonable care” theory. Although the trial judge deemed respondent’s motion for more definite statement to have merit, nevertheless he declined to rule on it. Therefore, this matter is subject to future disposition.
Interestingly, respondent’s reply brief contains a statement reading as follows:
“With respect to the telephone service furnished by General Telephone Com *829 pany to the defendant’s depot at Wimau-ma, the telephone company owed a duty to the defendant and the latter’s employees to exercise reasonable care to provide the usual safeguards against damage by lightning to those using the said telephone. Peninsular Telephone Co. v. McCaskill, 64 Fla. 420, 60 So. 338 (1912); Annotation 25 A.L.R.2d 722-747. Such safeguards might include the use of lightning arresters or ground wires, or both.”
Accordingly, certiorari is granted, the decision of the District Court of Appeal is quashed and this cause is remanded with instructions to reinstate petitioner’s second amended complaint in keeping with the provisions contained herein.
It is so ordered.
CARLTON, C. J., and ERVIN, BOYD and DEKLE, JJ., concur.
ROBERTS and ADKINS, JJ., dissent.

. Ellison v. City of Fort Lauderdale, Fla. 1965, 175 So.2d 198; Fontainebleau Hotel Corporation v. Walters, Fla.1971, 240 So.2d 563; Maiden v. Carter, Fla.App. 1970, 234 So.2d 168; Ocala Loan Company v. Smith, Fla.App.1983, 155 So.2d 711; Pizzi v. Central Bank and Trust Company, Fla.1971, 250 So.2d 895.

. Fontainebleau Hotel Corporation, supra, footnote 1; F.R.C.P. 1.140(e).

. Webb v. Illinois Cent. R. Co., 352 U.S. 512, 77 S.Ct. 451, 1 L.Ed.2d 503, rehearing den. 353 U.S. 943, 77 S.Ct. 809, 1 L.Ed.2d 764; Wilkerson v. McCarthy, 336 U.S. 53, 69 S.Ct. 413, 93 L.Ed. 497, rehearing den. 336 U.S. 940, 69 S.Ct. 744, 93 L.Ed. 1098; Tracy v. Terminal R. Assoc., 170 F.2d 635 (8th Cir., 1948) ; Cooper v. Baltimore & O. R. Co., 159 F. 82 (6th Cir., 1908) ; Bennett v. Southern R. Co., 245 N.C. 261, 96 S.E.2d 31, 62 A.L.R.2d 785. See also 32 Am.Jur. 2d 270, F.E.L.A., § 27.

. Jamison v. Encarnacion, 281 U.S. 635, 50 S.Ct. 440, 74 L.Ed.2d 1082.