COHEN, J.
James Robinson appeals from the final judgment entered in favor of CSX Transportation, Inc. (“CSX”), in his action brought under the Federal Employers’ Liability Act (“FELA”)[1] after the train on which he was working was involved in a collision. On appeal, he argues the trial court erred by excluding evidence of CSX’s failure to provide him with certain safety tools with which to perform his work and by allowing CSX to impeach him with a redacted accident report. We agree and reverse.
On the evening of March 17, 2008, Robinson was the lead conductor on a work train performing a shoving movement of sixteen train cars through a public railroad crossing.[2] Before the train reached the *1008 crossing, Robinson noticed that a tractor-trailer was not stopping ahead of the activated warning signals at the crossing. Robinson used his flashlight to try to alert the tractor-trailer to stop, but was unsuccessful. The tractor-trailer collided with the train, causing injury to Robinson.
Robinson brought suit against CSX under FELA,[3] alleging CSX breached its duty to provide a safe workplace. In his complaint, Robinson alleged CSX did not supply sufficient safety tools with which to perform the shoving movement, specifically citing CSX’s failure to make available either a backup hose or a shoving platform on the day of the accident.[4] Prior to trial, however, the lower court granted CSX’s motion in limine seeking to preclude Robinson from introducing evidence regarding such equipment.
At trial, Robinson proffered that CSX failed to provide him with a backup hose on the day of the accident although he requested one that day. Other CSX employees proffered that backup hoses and shoving platforms were regularly used in performing shoving movements. Despite the proffers, the trial court excluded the evidence regarding the safety equipment because none of Robinson’s witnesses proffered that either tool was routinely used and available for use at that railroad yard on the day of the accident.
Later during the trial, CSX introduced an accident report Robinson completed two days after the accident. To the question of whom Robinson believed was at fault for the accident, he wrote, “Truck driver.” The report also asked whether Robinson had a safe workplace, which he answered by checking a box marked, “no,” and writing, “shoving platform.” Pursuant to its order granting CSX’s motion in li-mine to exclude evidence of the alternative safety equipment, the trial court ordered redaction of the words “shoving platform” from that portion of the report.
While cross-examining Robinson, CSX used the redacted accident report as impeachment. Specifically, CSX noted that Robinson faulted only the driver of the tractor-trailer on the accident report. Robinson’s counsel moved to admit the redacted portion of the accident report to rehabilitate Robinson, but the trial court denied that motion. During its closing argument, defense counsel suggested that Robinson waited until filing the lawsuit to place any blame on CSX. The jury ultimately returned a verdict in favor of CSX.
This Court reviews the trial court’s admission or exclusion of evidence *1009 for an abuse of discretion. See Health First, Inc. v. Cataldo, 92 So.3d 859, 866 (Fla. 5th DCA 2012). However, the jury’s right to pass upon the question of an employer’s liability in a FELA action “must be most liberally viewed.” Johannessen v. Gulf Trading & Transp. Co., 633 F.2d 653, 656 (2d Cir.1980); Eggert v. Norfolk & W. Ry. Co., 538 F.2d 509, 511 (2d Cir.1976) (noting that role of jury is significantly greater in FELA cases than in common law negligence actions because Congress intended the Act to be remedial in nature); see also Rogers v. Missouri Pac. R.R. Co., 352 U.S. 500, 506, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957) (explaining that FELA claims are to be submitted to jury when “the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought. It does not matter that ... the jury may also ... attribute the result to other causes .... ” (footnote omitted)).
We hold the trial court abused its discretion by excluding the evidence regarding CSX’s failure to provide a backup hose or shoving platform. Evidence concerning the backup hose and shoving platform was relevant to whether CSX exercised reasonable care for Robinson’s safety. See Cook v. CSX Transp., Inc., No. 6:06-CV-1193, 2008 WL 2275544, at *2 (MD.Fla. June 2, 2008) (denying railroad’s motion in limine seeking to exclude evidence of safer alternative methods for performing work and noting that “[t]he standard for relevance ... sets a very low bar ....”); see also Gorman v. Grand Trunk W. R.R., Inc., No. 2:07-CV-12911, 2009 WL 2448604, at *6 (ED.Mich. Aug.10, 2009) (noting that “whether any given arrangement is reasonably safe cannot be determined ... without any consideration of possible alternative arrangements. Instead, whether the conditions of a workplace are reasonably safe depends on a comparison of the marginal benefits and costs of an available safer alternative.”); Edsall v. CSX Transp., Inc., No. 1:06-CV-389, 2007 WL 4608788, at *4 (N.D.Ind. Dee.28, 2007) (“[T]he issue of what is reasonably safe cannot be viewed in a factual vacuum .... [Ejvidence of alternative methods can be helpful in determining whether a reasonable and prudent railroad would have required use of the method that injured its employee.”). By requiring Robinson to proffer that the tools were available at that yard on that day, the trial court took too narrow a view of the relevance of the safety tools. The evidence was relevant — regardless of whether the tools were immediately available on the day of the accident — because it tended to prove that CSX breached its duty to provide a safe workplace by failing to make the tools available, despite their general use in the industry.
The trial court also abused its discretion by allowing impeachment of Robinson with the redacted accident report. Although Robinson had faulted both the truck driver and CSX in the accident report, the trial court’s redaction left the jury with a distorted impression of the report’s contents. Under the rule of completeness, once CSX opened the door by introducing that part of the report related to the truck driver, Robinson was entitled to bring in the redacted portion of the report in the interest of fairness. See § 90.108(1), Fla. Stat. (2010) (“When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require him or her at that time to introduce any other part or any other writing or recorded statement that in fairness ought to be considered contemporaneously.”); see also Larzelere v. State, 676 So.2d 394, 401 (Fla.1996) (explaining *1010 that purpose of rule of completeness is “to avoid the potential for creating misleading impressions by taking statements out of context”).
Had the trial court admitted the proffered testimony and allowed reference to the redacted portions of the accident report, the jury may well have reached a different result. Thus, these errors cannot be deemed harmless. See Witham v. Sheehan Pipeline Constr. Co., 45 So.3d 105, 109 (Fla. 1st DCA 2010) (noting that the test for harmless error in a civil ease is whether, but for such error, a different result may have been reached). Accordingly, we reverse the judgment entered in favor of CSX and remand for a new trial.[5]
REVERSED AND REMANDED FOR NEW TRIAL.
LAWSON and EVANDER, JJ., concur.

. 45 U.S.C. §§ 51-60 (2010).

. In performing a shoving movement, the train's engine pushes the cars backwards through the crossing from the rear of the train. The engineer controls the train from the rear, while the lead conductor is positioned at the opposite end of the train. Because the engineer cannot see hazards in the crossing, the conductor directs the engineer by radio. As is customary for the conductor performing a shoving movement, on the day of the accident Robinson was standing on a side ladder attached to the edge of the car that was leading the train. Robinson was equipped with only a flashlight to alert traffic *1008 and a portable radio to communicate with the engineer.

. Under FELA, a railroad is liable for injuries suffered by its employee "resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.” 45 U.S.C. § 51; see also Foerman v. Seaboard Coast Line R.R. Co., 279 So.2d 825, 827 (Fla. 1973) (noting that FELA imposes duty upon railroad to furnish its employees with safe workplace and to provide both safe and sufficient tools with which to perform that work).

. Both the backup hose and the shoving platform give the lead conductor the ability to apply the brakes and sound the horn. These tools are important in performing a shoving movement because they give the conductor control of the train in the event that the engineer becomes incapacitated or if communication between the conductor and engineer is blocked. A shoving platform also provides a steel cage in which the conductor stands. Even if a collision could not be avoided, the shoving platform's steel cage may protect the conductor from injury.

. In light of the remand for a new trial, the trial court should revisit both the admissibility of the prior accident and the limitation on the background of the plaintiff's expert, Byrnes.