E. A. HILL v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 22 September, 1948.)

**1. Master and Servant § 26—**

A brakeman, in the performance of his duties in interstate commerce, was proceeding from the engine to the caboose when he was struck by a crosstie thrown by workmen from the slowly moving train. The workmen were throwing the crossties from the car in the customary way for unloading them for use along the track. *Held:* The evidence fails to show any duty incumbent upon the workmen to anticipate the movements or position of plaintiff at the time of the injury, or to show negligent failure

---

---

on their part to perform a duty owed plaintiff which proximately caused the injury, and nonsuit was proper.

**2. Master and Servant § 25a—**

Under the construction of the Federal Employers' Liability Act by the Federal Courts, the employer is not an insurer of the safety of his employees, nor does the Act subject railroads to that degree of liability imposed by a workmen's compensation law, but the basis of liability under the Act is negligence on the part of the employer which constitutes in whole or in part the cause of the injury.

APPEAL by plaintiff from *Williams, J.,* at February Term, 1948, of NASH. Affirmed.

This was an action to recover damages for a personal injury alleged to have been caused by the negligence of the defendant. The plaintiff at the time of the injury complained of was a brakeman in the employ of the defendant Railroad Company, and it was admitted that the defendant was engaged in interstate commerce, and that plaintiff was so employed.

The plaintiff's evidence tended to show that on 5 December, 1945, he was on duty with a work train engaged in unloading crossties from gondola cars. The train was proceeding slowly as the ties were being thrown by workmen over the sides of the cars to fall along the west side of the track. As the plaintiff, in order to perform some duty, was proceeding from the engine to the caboose, he walked along on the ground parallel with the train, on the west side, and as he was passing a car, at a distance of 17 or 18 feet, a crosstie thrown out struck the plaintiff on the leg and inflicted a serious injury. There was no evidence the workmen engaged in throwing out crossties saw the plaintiff or had reason to anticipate his walking along near the track at the time. The place where plaintiff was walking was farther from the cars than where the ties being unloaded usually fell. The manner in which the ties were being unloaded was the customary way for placing ties along the track for use. The plaintiff testified, "On this particular occasion those men (in the cars) were doing what they were supposed to do."

At the close of plaintiff's evidence the defendant's motion for judgment of nonsuit was allowed, and plaintiff excepted and appealed.

*Cooley & May for plaintiff, appellant.*

*F. S. Spruill and Thomas W. Davis for defendant, appellee.*

DEVIN, J. Upon the evidence presented, as it appears of record, the judgment of nonsuit was properly entered. The evidence fails to show, under the circumstances here, any duty incumbent upon the workmen on the cars, in unloading crossties in the usual way, to anticipate the

movements and position of the plaintiff at the time of injury. Equally the evidence is wanting in probative value to show negligent failure on their part to perform a duty owed the plaintiff which proximately caused the injury complained of. Stated briefly, the evidence fails to make out a case of actionable negligence.

The plaintiff, however, insists that under the case of *Griswold v. Gardner,* 155 F. (2), 333, decided 15 May, 1946 (*certiorari* denied, 329 U. S., 725), this action coming within the provisions of the Federal Employers' Liability Act, and having been instituted for an injury to an employee of an interstate railroad, the court had no authority to grant a motion for nonsuit and take the case from the jury. In other words, it is suggested that the ruling of the Federal Courts has had the effect of converting the Federal Employers' Liability Act from a negligence statute into a workmen's compensation law, regardless of the question of negligence. But we cannot take this view. The Act itself, while depriving the defendant of certain common law defenses, bottoms the liability of the employer for injury to an employee upon negligence. In the case cited one Circuit Judge concurred in the result but disagreed with the statement that the Supreme Court had converted the Federal Employers' Liability Act into a compensation law, and the District Judge dissented.

In *Wolfe v. Henwood,* 162 F. (2), 998, decided 7 July, 1947 (*certiorari* denied), it was said: "But defendant's obligation was not such as to impose liability for injury regardless of due care and regardless of whether the injury was one reasonably to be anticipated or foreseen as a natural consequence of defendant's act. In order to recover under the Federal Employers' Liability Act, plaintiff had the burden of proving that defendant was negligent, and that such negligence in whole or in part caused Wolfe's injuries . . . The recent Supreme Court decisions do not hold that a jury question is presented in every Federal Employers' Liability Act case. The plaintiff must still establish negligence of defendant as a contributing cause of injury. . . . The Federal Employers' Liability Act does not subject a railroad to that degree of liability imposed by a workmen's compensation law, nor place the railroad in the position of an insurer of its employees." To the same effect is the holding in *Eckenrode v. Pennsylvania R. R. Co.,* 71 Fed. Sup., 764.

In *Ellis v. Union Pacific R. Co.,* 329 U. S., 649 (decided 3 February, 1947), the Court said: "The Act does not make the employer the insurer of the safety of his employees while they are on duty. The basis of his liability is his negligence, not the fact that injuries occur. And that negligence must be in whole or in part the cause of the injury." See also *Brady v. Southern Ry. Co.,* 320 U. S., 476; *Tenant v. R. R.,* 321 U. S., 29; *Blair v. Baltimore & O. R. Co.,* 323 U. S., 600.

Plaintiff's exceptions to the ruling of the court on questions of evidence we find without substantial merit.

The judgment of nonsuit is

Affirmed.