E. A. HILL v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 1 March, 1950.)

**1. Appeal and Error § 51a: Master and Servant § 25b—**

Where, in an action under the Federal Employers' Liability Act, decision of the Supreme Court of North Carolina that there was insufficient evidence of negligence to be submitted to the jury is reversed on appeal to the Supreme Court of the United States, the decision of the Federal Supreme Court becomes the law of the case and precludes nonsuit in the second trial upon substantially the same evidence.

**2. Appeal and Error § 39a—**

Exceptions relating to an issue answered in appellant's favor will not be considered.

**3. Master and Servant § 25b—**

The Federal decisions relating to the duty of the employer to furnish a reasonably safe place to work are controlling in an action under the Federal Employers' Liability Act.

APPEAL by defendant from *Burgwyn, Special Judge,* September Term, 1949, of NASH. No error.

This was an action under the Federal Employers' Liability Act to recover damages for a personal injury alleged to have been caused by the negligence of the defendant. There was verdict for plaintiff, and from judgment thereon defendant appealed.

*Cooley & May and Battle, Winslow & Merrell for plaintiff, appellee.*
*M. V. Barnhill, Jr., and F. S. Spruill for defendant, appellant.*

DEVIN, J. This case was here at Fall Term, 1948, on the appeal of the plaintiff from a judgment of nonsuit and is reported in 229 N.C. 236, 49 S.E. 2d 481, where the material facts are stated. On the former appeal we affirmed, on the ground that the record was wanting in evidence of actionable negligence. The ratio *decidendi* was stated in the opinion of this Court as follows: "Upon the evidence presented, as it appears of record, the judgment of nonsuit was properly entered. The evidence fails to show, under the circumstances here, any duty incumbent upon the workmen on the cars, in unloading crossties in the usual way, to anticipate the movements and position of the plaintiff at the time of injury. Stated briefly, the evidence fails to make out a case of actionable negligence."

On plaintiff's petition to the Supreme Court of the United States for writ of *certiorari* that Court rendered the following judgment: *"Per Curiam:* The petition for writ of *certiorari* is granted, and the judgment of the Supreme Court of North Carolina is reversed. See *Tiller v. Atlantic Coast Line R. R. Co.,* 318 U.S. 54 (1943); *Bailey v. Central Vermont R. Co.,* 319 U.S. 350 (1943); and *Ellis v. Union Pacific R. Co.,* 329 U.S. 649 (1947)."

Thereafter in conformity with this decision the cause was remanded to the Superior Court of Nash County for trial. On the subsequent hearing issues of negligence and contributory negligence were submitted to the jury and answered in the affirmative, and damages awarded in sum of $22,000. From judgment on the verdict the defendant appealed to this Court assigning as error, *inter alia,* the denial by the trial court of its motion for judgment of nonsuit. The evidence adduced on the second trial was substantially the same as that which appears in the record of the previous trial.

While this Court was of opinion that the evidence offered on the first trial was insufficient to show negligence on the part of the defendant, and that the judgment of nonsuit was properly entered, on the plaintiff's petition for *certiorari* to the Supreme Court of the United States the decision of this Court was "reversed." The *per curiam* opinion did not amplify this brief judgment of reversal.

However, as the previous decision of this Court was that the evidence was insufficient to make out a case of negligence, and the ruling was only on the question of nonsuit, the judgment of reversal must be interpreted as a holding by our highest Court that there was evidence sufficient to carry the case to the jury on the issue of negligence. Hence, it follows that the judgment of the Supreme Court of the United States has become the law of the case, and must be held determinative of the question again presented as to the sufficiency of evidence substantially the same as that previously considered. There was no error in the denial of defendant's motion for judgment of nonsuit.

Defendant brings forward in his assignments of error exceptions noted to the ruling of the court below in the exclusion of certain proffered testimony, but as this relates to the issue of contributory negligence which was answered by the jury in defendant's favor, no serious question is presented. Nor can defendant's objections to the admission of testimony offered by plaintiff be sustained.

Defendant noted exception to the following portion of the trial court's charge to the jury: "I charge you that an employer is under the common law duty to use reasonable care in furnishing its employees with a safe place to work in, and this duty becomes more imperative as the risk increases, and it is a continuing one and is not relieved by the fact that the employee's work at the place is fleeting and infrequent." It is urged that this instruction placed a greater burden on the defendant than that imposed by the rule prevailing in this jurisdiction, and that the employer owes to his employee only the duty to exercise ordinary care to provide a reasonably safe place, as stated in *Murray v. R. R.*, 218 N.C. 392, 11 S.E. 2d 326, and cases there cited. However, this action was instituted under the Federal Employers' Liability Act, and the excerpt from the charge to which exception was noted was quoted by the trial judge from the opinion in *Bailey v. Central Vermont R. Co.*, 319 U.S. 350. In that case it was said: "The rights which the act creates are Federal rights protected by Federal rather than local rules of law." For this reason we think the exception untenable.

Defendant also excepted to the charge on the ground that the trial judge failed to declare and explain the law arising on the evidence as required by G.S. 1-180, but from an examination of the charge in connection with this criticism we discover no substantial harm to the defendant.

In the trial we find

No error.