## H. T. CAMP v. SOUTHERN RAILWAY COMPANY.

### (Filed 11 October, 1950.)

**1. Master and Servant § 26—**

Evidence disclosing that the boxcar in question was a standardized one, fully equipped with all appliances required by law, does not support plaintiff employee's allegation that defendant was negligent in failing to equip the car with sill steps, ladders, grab-irons or hand-holds, for use in entering and leaving the car, since such additional appliances might have resulted in a more hazardous instrumentality instead of a safer one.

**2. Same—**

Plaintiff employee, in attempting to enter a boxcar, extended his hand to a fellow employee, who caught it and endeavored to help him up. Plaintiff lost his balance, and another fellow employee grabbed him to prevent his falling, causing plaintiff's foot to slip and plaintiff to fall against the outer edge of the boxcar floor, to his serious injury. *Held:* The acts of the fellow employees cannot be imputed to defendant railroad company as negligence, since the injury could not have been foreseen or anticipated as the result thereof, and the injury was purely accidental or misadventurous.

**3. Same—**

In an action against a railroad company under the Federal Employers' Liability Act, plaintiff is required to show negligence proximately producing injury, and when the evidence shows nothing but a fortuitous injury a directed verdict for defendant is correct.

BARNHILL, J., dissents.

APPEAL by plaintiff from *Rousseau, J.,* January-February Term, 1950, of POLK.

Civil action under Federal Employers' Liability Act to recover damages for personal injury alleged to have been caused by the negligence of the defendant.

On 20 May, 1946, the plaintiff, a section foreman in the employ of the defendant, was engaged in the construction or extension of a sidetrack at Mascot, S. C. He was injured while attempting to enter a boxcar for the purpose of inspecting some crossties therein, and/or to get out of a shower of rain. The floor of the boxcar was five feet above the ground. As plaintiff approached the car, Ed Jones and Lee Mack, two of plaintiff's crew, were standing at the doorway in the middle of the car. The plaintiff placed one foot against a piece of iron under the car and reached one of his hands towards Ed Jones who caught it and endeavored to help him up. Jones lost his balance and was leaning forward when Lee Mack grabbed him to prevent his falling and jerked him around sidewise. This

caused the plaintiff's foot to slip and he fell against the outer edge of the floor of the boxcar with such force as to cause him serious injury.

The car in question was a standardized boxcar of the Chicago and Northwestern Railway, equipped with all safety appliances and attachments required by the orders and directions of the Interstate Commerce Commission. The plaintiff was familiar with this type of car, having gone in and out of standardized boxcars over a period of many years.

The allegations of negligence are that the defendant omitted, in the exercise of due care, to furnish the plaintiff a reasonably safe place to work, specifying that the boxcar in question was not properly equipped with sill steps, ladders, grabirons or handholds, for use in entering and leaving the car; and further, that both Ed Jones and Lee Mack were negligent in the manner in which they undertook to assist the plaintiff into the car.

From a directed verdict for defendant on the issue of negligence, the plaintiff appeals, assigning errors.

*Hamrick & Jones and W. Y. Wilkins, Jr., for plaintiff, appellant.*
*Joyner & Howison and Jones & Ward for defendant, appellee.*

STACY, C. J. The appeal poses the question whether there is sufficient evidence to sustain a finding of actionable negligence on the part of the defendant. The trial court answered in the negative, and we approve.

There is no suggestion that the type of boxcar here used was inappropriate for hauling crossties. The opposite is intimated. And while it is contended the defendant was negligent in failing to equip the car with proper appliances for use in entering or leaving it, there is no evidence to support the contention. Plaintiff's own testimony points the other way. The car in question was a standardized boxcar, fully equipped with all appliances required by law. Indeed, to have added others, or those which the plaintiff now says should have been added, might have resulted in a more hazardous instrumentality. At least, the question is subject to opposite contentions.

Nor is the conduct of Ed Jones and Lee Mack, or either of them, to be imputed to the defendant for negligence. What they did was natural and spontaneous, kindly and gratuitously offered, and so received. Neither they nor the defendant could have foreseen or anticipated any injurious effects or the consequences which followed. They were purely accidental or misadventurous. Plaintiff's action is one in tort, and he may not recover for an accidental injury. *A. C. L. R. R. Co. v. Davis,* 279 U.S. 34, 73 L. Ed. 601; *A. C. L. R. R. Co. v. Driggers,* 279 U.S. 787, 73 L. Ed. 957.

Plaintiff relies principally on the cases of *Hill v. R. R.,* 229 N.C. 236, 49 S.E. 2d 481, 336 U.S. 911, 231 N.C. 499, 57 S.E. 2d 781, and *Bailey v. Central Vermont R. Co.,* 319 U.S. 350, 87 L. Ed. 1444, but these cases are readily distinguishable from the one at bar. The factual situations are quite different. In the cases cited, there were duties resting on the defendants which they omitted to perform, to the plaintiffs' hurt. Here, no such omission is made to appear. Plaintiff shows no default on the part of the defendant which resulted in injury to him. Hence his action fails, and the court properly directed a verdict for the defendant. *Galloway v. U. S.,* 319 U.S. 372, 87 L. Ed. 1458; *Atchison T. & S. F. R. R. Co. v. Toops,* 281 U.S. 351, 74 L. Ed. 896. The basis of liability under the Federal Employers' Liability Act is negligence proximately producing injury. The plaintiff must show something more than a fortuitous injury. *Tiller v. A. C. L. R. R.,* 318 U.S. 54, 87 L. Ed. 610, 143 A.L.R. 967; *Brady v. Southern Ry. Co.,* 222 N.C. 367, 23 S.E. 2d 334, 320 U.S. 476, 88 L. Ed. 239; *Ellis v. Union Pacific R. Co.,* 329 U.S. 649.

Of course, it is easy to be wise in retrospect, and the plaintiff now perceives exactly how the injury could have been avoided. He tells us so. But when pressed to say just wherein the defendant was negligent, he answers, "That is a matter for the jury." The courts are not at liberty to attribute the plaintiff's misfortune to somebody else's negligence in the absence of sufficient evidence to support the attribution. *New York Central R. R. Co. v. Ambrose,* 280 U.S. 486, 74 L. Ed. 562; *Patton v. Texas & P. R. R. Co.,* 179 U.S. 685, 45 L. Ed. 361.

The conclusion is an affirmance of the judgment below.

No error.

BARNHILL, J., dissents.