### G. M. BATTLEY v. SEABOARD AIRLINE RAILWAY COMPANY, A CORPORATION.

(Filed 12 June 1968.)

**1. Master and Servant § 35—**

An employer's duty under the Federal Employers' Liability Act is the same as at common law to use reasonable care in furnishing employees with a safe place to work and safe tools and appliances.

**2. Same—**

Under the construction given the Act by the federal courts, an employer is not an insurer of the safety of his employees; the basis of liability under the Act is negligence on the part of the employer which constitutes in whole or in part the cause of the injury.

**3. Master and Servant § 37—**

In order to recover under the Federal Employers' Liability Act plaintiff must show something more than a fortuitous injury.

**4. Negligence § 21—**

In an action for the recovery of damages for injuries allegedly resulting from actionable negligence, the plaintiff must show (1) that there has been a failure to exercise proper care in the performance of some legal duty which the defendant owed the plaintiff, and (2) that such negligent breach of duty was the proximate cause of the injury.

**5. Master and Servant § 37—**

In an action for damages against a railroad company under the Federal Employers' Liability Act, allegations of the plaintiff, an engineer, that he was injured while attempting to enter the cab of his train in that defendant had placed a watercooler in the doorway of the cab which caused the floor of the cab to be constantly wet or slippery, and that the fireman was away from his place of duty and was blocking the entrance of the cab, *are held* insufficient to state a cause of action, and defendant's demurrer was properly sustained.

APPEAL by plaintiff from judgment of *McConnell, J.,* entered at the 19 March 1968 Session of RICHMOND Superior Court.

This is a civil action brought by plaintiff-employee against the defendant-employer to recover damages for injuries sustained by plaintiff during the course of his employment.

In his amended complaint, plaintiff alleges that defendant is subject to the Federal Employers' Liability Act regarding injury of its employees; that plaintiff was injured on 18 June 1963 while serving as engineer on defendant's train no. 4; that on the occasion of plaintiff's injury, the train had stopped at Moncure, N. C., and while it was stopped, plaintiff climbed down from the cab of the engine to the ground to check on an air leak under the motor; that while plaintiff was making said inspection, he received a signal to leave the station at once; that in climbing up the ladder to enter the cab, he was injured.

Plaintiff's contentions of negligence are summarized in paragraph IX of his amended complaint which reads as follows:

"IX. That the direct sole proximate cause of the injury to the plaintiff was the defendant in placing a water cooler in the passage way which had to be used by the plaintiff and in the fact that the fireman was away from his place of duty when he knew that he should be on the left-hand side of the cab as an order was given to move out at once. That the floor was wet and slippery and when the plaintiff was going to his place of duty as fast as possible he was met with this emergency which was brought about by the negligence of the said railroad company and a fellow employee as hereinbefore more particularly set forth."

Plaintiff alleges that when he slipped and fell backward, he made an effort to save himself by grabbing the ladder and as he fell some 10 or 12 feet, ligaments were torn in one of his arms and shoulder.

Defendant filed demurrer to the amended complaint, contending that it does not set forth facts sufficient to constitute a cause of action. From judgment sustaining the demurrer, plaintiff appealed.

*Seawell, Van Camp & Morgan by William J. Morgan, Attorneys for plaintiff appellant.*

*Henry & Henry by Everett L. Henry, Attorneys for defendant appellee.*

BRITT, J. Plaintiff alleges that this action is subject to the Federal Employers' Liability Act (hereinafter referred to as the Act). The employer's duty under this Act (45 U.S.C. § 51) is the same as at common law, to use reasonable care in furnishing employees with a safe place to work and safe tools and appliances. *Cordova v. A. T. & S. F. Ry. Co.*, 18 Cal. Rptr. 144, 198 C.A. 2d 161.

The basis of liability under the Act is negligence proximately producing injury. The plaintiff must show something more than a fortuitous injury. *Camp v. R. R.*, 232 N.C. 487, 61 S.E. 2d 358.

In an action for the recovery of damages for injuries allegedly resulting from actionable negligence, the plaintiff must show: First, that there has been a failure to exercise proper care in the performance of some legal duty which the defendant owed the plaintiff, under the circumstances in which they were placed; and, second, that such negligent breach of duty was the proximate cause of the injury — a cause that produced the result in continuous sequence

and without which it would not have occurred, and one from which any man of ordinary prudence could have foreseen that such result was probable under all the facts as they existed. *Baker v. R. R.,* 232 N.C. 523, 61 S.E. 2d 621.

Under the construction given the Act by the federal courts, an employer is not an insurer of the safety of his employees; the basis of liability under the Act is negligence on the part of the employer which constitutes in whole or in part the cause of the injury. 5 Strong, N. C. Index 2d, Master and Servant, § 36. *Bennett v. R. R.,* 245 N.C. 261, 96 S.E. 2d 31.

"In order to recover under the Federal Employers' Liability Act, it was incumbent upon petitioner to prove that respondent was negligent and that such negligence was the proximate cause in whole or in part of the fatal accident. * * * Petitioner was required to present probative facts from which the negligence and the causal relation could reasonably be inferred." Parker, J. (now C.J.), in *Bennett v. R. R., supra,* quoting from *Tennant v. R. R. Co.,* 321 U.S. 29, 88 L. Ed. 520.

In his amended complaint, plaintiff alleges four acts or omissions of negligence on the part of the defendant. We discuss each of them briefly:

(1)   He alleges that defendant "put a water cooler and set it up in the doorway into the cab." Plaintiff fails to allege any facts which show in what manner this caused his injury.

(2)   He alleges that the fireman "blocked the entrance of the cab"; plaintiff fails to allege any facts showing how this caused his injury.

(3)   He alleges that the fireman "was at a position where he had no business to be" and should have been at his position on the left-hand side of the cab. Plaintiff alleges no facts showing how this caused his injury.          .

(4)   Plaintiff alleges that the water cooler caused the floor of the cab to be constantly wet or slippery and as the plaintiff "pulled into the cab his feet slipped on the water and he was caused to fall backward some 10 to 12 feet to the ground." Inasmuch as the employer's duty to his employee under the Act is the same as at common law and the employer is not an insurer of the safety of his employees, the rule governing the duty of a store owner to his patron would be applicable.

In *Hinson v. Cato's Inc.,* 271 N.C. 738, 157 S.E. 2d 537, our Supreme Court stated:

"A store owner does not insure his patrons against slipping or

falling upon the floor. * * * To hold the owner liable, the injured person must show: (1) that the owner negligently created the condition causing the injury, or (2) that it negligently failed to correct the condition after notice, either expressed or implied, of its existence."

Plaintiff failed to allege who placed the water on the floor of the cab or that if the wetness had existed for any period of time that defendant had failed to correct the condition after notice.

We hold that defendant's demurrer to the amended complaint was properly sustained and the judgment of the Superior Court is Affirmed.

CAMPBELL and MORRIS, JJ., concur.