GORMAN Z. KEITH v. NORFOLK SOUTHERN RAILWAY COMPANY

No. 7010SC343

(Filed 5 August 1970)

1. **Master and Servant § 40— action under F.E.L.A. — contributory negligence of employee**

   Under the provisions of the Federal Employers' Liability Act, contributory negligence is not a bar to recovery, but, in the event of recovery, the damages shall be diminished by the jury in proportion to the amount of negligence attributable to the plaintiff.

2. **Master and Servant § 38— liability under F.E.L.A. — negligence of employer**

   The basis of liability under the Federal Employers' Liability Act is negligence proximately causing injury; the plaintiff must show something more than a fortuitous injury.

3. **Master and Servant § 38— employer's duty under F.E.L.A.**

   The employer's duty under the F.E.L.A. is to use reasonable care in furnishing employees with a safe place to work and safe tools and appliances.

4. **Master and Servant § 38— F.E.L.A. — railway employer — standard of care**

   Railway companies are held to a high standard of care commensurate with the attendant risks and dangers.

5. **Master and Servant § 36— liberal construction of F.E.L.A.**

   The Federal Employers' Liability Act is to be construed liberally, and evidence of liability thereunder may be either direct or circumstantial.

6. **Master and Servant § 38— negligence of railway employer — sufficiency of evidence**

   In an action under the Federal Employers' Liability Act by a railway employee against the employer railroad for recovery for injuries sustained during the course of employment, the issue of the employer's negligence was properly submitted to the jury, where there was testimony that the plaintiff was assigned to operate a dump truck alongside the tracks, that he collided with a work train operated by the defendant's employees, and that the defendant's other employees along the track knew of the approaching work train but failed to warn either the plaintiff or the train crew that the plaintiff was exposed to danger.

APPEAL by defendant from *Carr, J.,* at the December 1969 Civil Session of WAKE Superior Court.

This is a civil action brought by the plaintiff-employee against the defendant-employer to recover for injuries sustained in a collision by the plaintiff during the course of his employment.

Plaintiff alleges that defendant is engaged in intrastate and interstate commerce as a carrier of freight for hire. Plaintiff brought this action under the provisions of the Federal Employers' Liability Act for the recovery of damages for alleged negligence in maintenance and use of railroad property and for negligent operation by the defendant railway and its employees resulting in the injury herein complained of. The plaintiff alleges numerous acts and omissions constituting negligence on the part of the defendant, among them; failure to take precautions to insure plaintiff's safety, failure to provide signals or flagging, failure of Hollis to warn the engineer of plaintiff's presence on the tracks, failure to have the locomotive under control, failure to blow a whistle, ring a bell or sound any warning, and failure of the train crew to keep a proper lookout.

The defendant answered denying any negligence, asserting the sole negligence of the plaintiff or his contributory negligence in diminution of damages, and counterclaimed seeking to recover for damages to the dump truck caused by the negligent operation by the plaintiff.

The evidence tended to show that on 25 July 1966 plaintiff was a dragline operator and that he reported to Mr. Roy Leggett, bridge building foreman for defendant, who informed him they would have no work train that day and plaintiff would be assigned to other duties. Plaintiff was told to operate a "hyrail" dump truck, used in this instance to haul dirt along the tracks between a three-fourths mile length of track. Plaintiff began work pursuant to these instructions going forward in a northerly direction to unload dirt at a bridge where Leggett was foreman and backing southerly to the loading point where his truck was loaded by L. T. Hollis, a dragline operator for defendant. At approximately 4:00 p.m. on that day, plaintiff was returning to the loading point and had reached a curve when, without notice or warning, a locomotive engine operated by a conductor, engineer and other employees of defendant, came around the curve proceeding in a northerly direction and struck the truck being operated by the plaintiff causing bodily injury.

At the close of the plaintiff's evidence, the defendant moved for judgment of nonsuit. The motion was denied and the defendant excepted. The defendant offered no evidence and renewed its motion which too was denied.   The jury answered issues of negligence and contributory negligence in the affirmative and awarded plaintiff damages in the amount of $33,240.00. Defendant appealed.

*R. Mayne Albright for plaintiff appellee.*

*R. N. Simms, Jr., for defendant appellant.*

VAUGHN, J.

The defendant brings forward but one exception and assignment of error. It contends that error was committed in the court's failure to grant its motion for nonsuit. The defendant contends that the negligence of the plaintiff was the sole proximate cause of his injury and that the defendant was without negligence contributing to the injury. We disagree.

The Federal Employers' Liability Act, as set forth in U.S.C.A., Vol. 45, § 51, (hereinafter referred to as the Act) provides that every common carrier by railroad while engaged in intrastate or interstate or foreign commerce, shall be liable in damages to any employee for injuries "resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment."

[1]   In determining whether or not error was committed in the denial of the defendant's motion for nonsuit, we are not concerned with the plaintiff's contributory negligence. Under the provisions of the Act, contributory negligence is not a bar to recovery, but, in the event of recovery, the damages shall be diminished by the jury in proportion to the amount of negligence attributable to the plaintiff. *Futrelle v. R. R.,* 245 N.C. 36, 94 S.E. 2d 899, reversed on other grounds, 353 U. S. 920, 1 L. Ed. 2d 718, 77 S. Ct. 682; *Graham v. R. R.,* 240 N.C. 338, 82 S.E. 2d 346; *Cobia v. R. R.,* 188 N.C. 487, 125 S.E. 18; *Davis v. R. R.,* 175 N.C. 648, 96 S.E. 41. Therefore, the sole question before us is whether or not the plaintiff's evidence was sufficient to take

---

Keith v. R. R. Co.

---

the case to the jury on the question of actionable negligence on the part of the defendant railroad.

[2-4] The basis of liability under the Act is negligence proximately causing injury. The plaintiff must show something more than a fortuitous injury. *Battley v. Railway Co.*, 1 N.C. App. 384, 161 S.E. 2d 750; *Camp v. R. R.*, 232 N.C. 487, 61 S.E. 2d 358. The employer's duty under this Act is to use reasonable care in furnishing employees with a safe place to work and safe tools and appliances. *Battley v. Railway Co., supra.* Railway companies are held to a high standard of care commensurate with the attendant risks and dangers. *McGraw v. R. R.*, 206 N.C. 873, 175 S.E. 286.

[5] The Act is to be construed liberally and evidence of liability thereunder may be either direct or circumstantial. *Battley v. Railway Co., supra.*

[6] Without a lengthy recital of the evidence it suffices to say that the record is replete with evidence of defendant's negligence. The plaintiff was assigned to a new job without advice or instructions. He was told his crew would not have a work train that day. Employees of defendant were working at each end of the three-quarters of a mile section of track on which plaintiff was told to operate the truck. Defendant's employee Hollis, who was operating a dragline at plaintiff's loading point, saw the work train approach from the south, moved his dragline boom off the track and greeted the train crew with a wave. He was expecting plaintiff to come from the north at any moment. The evidence tends to show that he had ample opportunity to warn the train crew by handsignal and that, if he had done so, the train would have stopped. He did nothing and the collision between plaintiff's truck and the work train occurred shortly thereafter. There was also evidence tending to show that Hollis had a duty to post warning flags but failed to do so. R. B. Sauls, section foreman for defendant, was operating a hy-rail truck in a northerly direction along the track in front of the work train. He came up behind plaintiff as plaintiff was preparing to dump a load of dirt. Sauls and plaintiff talked and arranged for Sauls to get around plaintiff. Sauls did not advise plaintiff that a work train was also coming north behind him. Without any warning to plaintiff, Sauls observed him start south on a collision course with the work train which he knew was coming north.

There was evidence of other acts and omissions by defendant from which the jury could have properly found negligence on the part of defendant proximately resulting in plaintiff's injuries. Upon instructions not contained in the record, the jury so found. The jury also found contributory negligence on the part of plaintiff and presumably diminished his award accordingly. In this we find no error.

No Error.

CAMPBELL and PARKER, JJ., concur.