Judges MARTIN (Robert M.) and ARNOLD concur.

———————————

ROBERT ERNEST TREADWAY v. THE CLINCHFIELD RAILROAD COMPANY

No. 8128SC63

(Filed 15 September 1981)

Master and Servant § 38.2— F.E.L.A. action—summary judgment proper

    Where defendant's evidence tended to show that plaintiff, employed by defendant as a cook, resided in a camp car furnished by defendant; that plaintiff was awakened one morning by an assistant foreman who slept in the same camp car; that the assistant foreman had awakened plaintiff on previous occasions in which the plaintiff had slept late; that on this occasion plaintiff had not slept late but that in the process of arising from his bunk bed, plaintiff struck and injured his back on a portion of the bunk above his; and plaintiff failed to rebut defendant's forecast of evidence, negligence on the part of defendant was not shown, and summary judgment in defendant's favor was proper in an action brought by plaintiff under the Federal Employers' Liability Act.

APPEAL by plaintiff from *Allen, Judge.* Judgment entered 24 October 1980 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 31 August 1981.

This is a negligence (personal injury) action brought by plaintiff under the Federal Employers Liability Act (FELA). The trial court granted defendant's motion for summary judgment and we affirm.

Plaintiff, employed by defendant as a cook, resided in a camp car furnished by defendant. On the morning of 1 December 1976, plaintiff was awakened by Guy Garland, an assistant foreman, who slept in the same camp car. In the process of arising from his bunk bed, plaintiff struck and injured his back on a portion of the bunk above his.

*Barnes, Wadford & Carter, P.A., by Steven Kropelnicki, Jr., for plaintiff-appellant.*

*Dameron & Burgin, by E. P. Dameron, for defendant-appellee.*

WELLS, Judge.

The question to be decided in this appeal is whether, at the summary judgment stage, plaintiff's forecast of evidence available to him was sufficient to establish defendant's negligence. Under the Federal Employers Liability Act (FELA),[1] plaintiff need only show that his injury resulted "in whole or in part from the negligence of any of the officers, agents, or employees" of defendant. While the jurisdiction of the State courts is concurrent with that of the Federal courts in FELA actions, what constitutes negligence under FELA is a federal question, governed by federal decisional law. *Urie v. Thompson,* 337 U.S. 163, 93 L.Ed. 1282, 69 S.Ct. 1018 (1948); *Bennett v. Railway Co.,* 245 N.C. 261, 96 S.E. 2d 31 (1956); *cert. denied,* 353 U.S. 958; 1 L.Ed. 2d 909, 77 S.Ct. 865 (1957). *See also Moss v. Railroad Company,* 135 Ga. App. 904, 219 S.E. 2d 593 (1975); *cert. denied* 425 U.S. 907, 47 L.Ed. 2d 758, 96 S.Ct. 1501 (1976); *Hill v. Railroad,* 231 N.C. 499, 57 S.E. 2d 781 (1950), *cert. denied* 340 U.S. 814, 95 L.Ed. 598, 71 S.Ct. 42 (1950); 8 Strong's Index 3d, Master and Servant, § 36. The Federal courts have consistently held that the FELA is to be liberally construed and that if the negligence of an employing railroad played any part, even the slightest, in causing the employee's injury, recovery should be allowed. *See e.g., Rogers v. Missouri Pacific*

1. *See* 45 U.S.C.A. § 51.

*Railroad Co.*, 352 U.S. 500, 1 L.Ed. 2d 493, 77 S.Ct. 443; *reh. denied* 353 U.S. 943, 1 L.Ed. 2d 764, 77 S.Ct. 808 (1957); *Webb v. Illinois Central Railroad Co.*, 352 U.S. 512, 1 L.Ed. 2d 503, 77 S.Ct. 451; *reh. denied* 353 U.S. 943, 1 L.Ed. 2d 764, 77 S.Ct. 809 (1957). While *Rogers* and other pertinent federal court decisions make it clear that the common law defense of contributory negligence is not available to defeat a FELA claim, there must, nevertheless, be a showing of some negligence. The usual common law criteria of negligence, which include reasonble foreseeability that defendant's action or omission might result in injury, must be met. *Bennett, supra.*

Plaintiff's theory of defendant's negligence in this case is found in paragraph 5. of plaintiff's amended complaint, as follows:

(5) Plaintiff was employed as a cook on a camp car furnished by Defendant, and he slept in that car. On the morning of 1 December 1976, while Plaintiff was asleep in the camp car, one Guy Garland, while acting within the course and scope of his employment as Assistant Foreman for the Defendant called the Plaintiff at 4:30 a.m. and told him that he had overslept and was late. The Defendant, acting through its agent and employee, Guy Garland, was negligent in that:

(a) Garland knew, or should have known, that the Plaintiff was required to be in the kitchen at 5:30 a.m. in order to prepare breakfast and serve it from 6:00 a.m. to 7:00 a.m. and Garland knew that Plaintiff had been advised that tardiness would be grounds for dismissal from Defendant's employ.

(b) Garland knew, or had reason to know, that the bed or bunk in which the Plaintiff was sleeping was so constructed as to make it impossible for the Plaintiff to sit upright and Garland knew or should have known, that if the Plaintiff were awakened suddenly that he would be startled and that he might foreseeably injure himself in attempting to arise and suddenly get out of the bed, due to its confined structure.

(c) Garland knew, or should have known, that the Plaintiff would react suddenly and with possible harmful consequences to himself upon being awakened and falsely advised that he was late for work.

(d) Garland failed to use due care to ascertain the correct time before calling the Plaintiff and advising him that he was late for work.

(e) Garland failed to use due care in awakening the Plaintiff suddenly and in wrongfully telling Plaintiff that he was late for work under the circumstances then and there existing.

Plaintiff contends that for purposes of ruling on the motion for summary judgment, the court is required to assume that the injury occurred under the circumstances alleged by plaintiff. Plaintiff contends that he injured himself when he was awakened suddenly from his sleep an hour before he was scheduled to arise, in a manner which created an apprehension that he had overslept, thus jeopardizing his employment. In *Vassey v. Burch*, 301 N.C. 68, 269 S.E. 2d 137 (1980) we find a clear and succinct summary of the law of summary judgment in negligence cases. We quote in pertinent part as follows:

> Rule 56, Rules of Civil Procedure, authorizes the rendition of summary judgment upon a showing by the movant that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The rule does not authorize the court to *decide* an issue of fact. It authorizes the court to determine whether a genuine issue of fact exists. Summary judgment is designed to eliminate formal trials where only questions of law are involved by permitting penetration of an unfounded claim or defense in advance of trial and allowing summary disposition for either party when a fatal weakness in the claim or defense is exposed. *Caldwell v. Deese*, 288 N.C. 375, 218 S.E. 2d 379 (1975). "The device used is one whereby a party may in effect force his opponent to produce a forecast of evidence which he has available for presentation at trial to support his claim or defense. A party forces his opponent to give this forecast by moving for summary judgment. Moving involves giving a forecast of his own which is sufficient, if considered alone, to compel a verdict or finding in his favor on the claim or defense. In order to compel the oppponent's forecast, the movant's forecast, considered alone, must be such as to establish his right to judgment as a matter of law." 2 McIntosh, N.C. Practice & Procedure § 1660.5 (2d ed. Phillips Supp. 1970).

Accordingly, the party moving for summary judgment has the burden of clearly establishing the lack of any triable issue of fact by the record properly before the court and his entitlement to judgment as a matter of law. *Pitts v. Pizza, Inc.*, 296 N.C. 81, 249 S.E. 2d 375 (1978). "His papers are carefully scrutinized and those of the opposing party are on the whole indulgently regarded." 6 Pt. 2 Moore's Federal Practice, § 56.15[8] at 642 (2d ed. 1980). *Accord, Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 251 S.E. 2d 419 (1979). "If the moving party meets this burden, the party who opposes the motion for summary judgment must either assume the burden of showing that a genuine issue of material fact for trial does exist or provide an excuse for not so doing." *Zimmerman v. Hogg & Allen*, 286 N.C. 24, 209 S.E. 2d 795 (1974). If the evidentiary materials filed by the parties indicate that a genuine issue of material fact does not exist, the motion for summary judgment must be denied, as "the motion may be granted only where there is no such issue and the moving party is entitled to judgment as a matter of law." Id.

As a general proposition, issues of negligence are ordinarily not susceptible of summary adjudication either for or against the claimant "but should be resolved by trial in the ordinary manner." 6 Pt. 2 Moore's Federal Practice, § 56.17[42] at 946 (2d ed. 1980). Hence, it is only in exceptional negligence cases that summary judgment is appropriate because the rule of the prudent man, or other applicable standard of care, must be applied, and ordinarily the jury should apply it under appropriate instructions from the court. *Caldwell v. Deese*, supra; Gordon, The New Summary Judgment Rule in North Carolina, 5 Wake Forest Intra. L.Rev. 87, 92 (1969). Nevertheless, if a motion for summary judgment is supported by evidentiary matter showing a lack of negligence on the part of the movant and there is no question as to the credibility of witnesses and no evidence is offered in opposition thereto, no issue is raised for the jury to consider under appropriate instructions and summary judgment for the movant should be allowed. *See Moore v. Fieldcrest Mills, Inc.*, supra; 6 Pt. 2 Moore's Federal Practice, § 56.17[42] at 948-49 (2d ed. 1980).

*See also Easter v. Hospital,* 303 N.C. 303, 278 S.E. 2d 253 (1981).

The criteria for establishing actionable negligence in a personal injury action were set out by our Supreme Court in *McNair v. Boyette*, 282 N.C. 230, 192 S.E. 2d 457 (1972), as follows:

> In an action for recovery of damages for injury resulting from actionable negligence of defendant, plaintiff must show (1) that there has been a failure on the part of defendant to exercise proper care in the performance of some legal duty which the defendant owed the plaintiff under the circumstances in which they were placed, and (2) that such negligent breach of duty was the proximate cause of the injury, a cause that produced the result in continuous sequence, and without which it would not have occurred, and one from which a man of ordinary prudence could have foreseen that such result was probable under the facts as they existed. [Citations omitted.]

> Foreseeability of injury is an essential element of proximate cause. [Citation omitted.] It is not required that the injury in the precise form in which it occurred should have been foreseeable but only that, in the exercise of reasonable care, consequences of a generally injurious nature might have been expected. [Citation omitted.] However, the law requires only reasonable prevision and a defendant is not required to foresee events which are merely possible but only those which are reasonably foreseeable. [Citations omitted.]

Applying these well-established rules of summary judgment and negligence law, we find that defendant presented to the trial court a forecast of evidence which showed that defendant's employee Garland committed no act of negligence which was a proximate cause of plaintiff's injury. By deposition and affidavit of defendant's employee Garland, defendant showed to the trial court the following events and circumstances. Plaintiff had been supervised by Garland for "two or three years". Plaintiff and Garland occupied the same sleeping quarters, plaintiff's bunk being directly opposite Garland's bunk. While Garland's job duties did not include awakening plaintiff in the mornings, plaintiff would not always get up when his alarm clock went off and Garland would frequently call him by name and tell him it was time to get up and prepare breakfast. Plaintiff had been previously cautioned or disciplined by other supervisory personnel about

being late for his breakfast duty. On the morning of plaintiff's alleged injury, Garland awakened plaintiff in the same manner that he had used on many other occasions. After plaintiff's alarm clock had sounded and plaintiff had not gotten up, Garland called out to plaintiff and said either "Treadway, that clock's done went off" or "Treadway, it's time to get up."[2] Plaintiff ordinarily arose at 5:30 in the morning and was expected to have breakfast available to the crew from 6:00 to 7:00 a.m. Under these facts, even if Garland owed plaintiff the duty of awakening him in a manner not startling or threatening so as to cause plaintiff to suddenly arise from his confined lower bunk, Garland neither did nor said anything to startle or threaten plaintiff. Neither could Garland have reasonably foreseen that upon calling out to plaintiff on this particular morning, plaintiff would suddenly arise in a manner which would result in an injury to his person.[3]

Plaintiff's response to defendant's evidence did not rebut defendant's forecast. By deposition and affidavit, plaintiff was only able to show that on the morning of his alleged injury he did not hear his alarm go off, that in fact it had not gone off when Garland called him to get up, and that after the two of them arrived in the kitchen, they discovered Garland had called plaintiff at 4:30 a.m., an hour earlier than the time plaintiff was expected to arise. Plaintiff did not recall what Garland said to him on that morning; he only heard Garland's voice. Plaintiff's version of these events as set out in his affidavit and deposition is radically and fatally different from the version contained in his unverified amended complaint. On a motion for summary judgment, G.S. 1A-1, Rule 56(e) provides, *inter alia,* that "when a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations . . . of his pleadings, but his response . . . must set forth specific facts showing that there is a genuine issue for trial." Thus, plaintiff having failed to carry the burden thrust upon him by defendant's evidence, *Vassey,* supra, the judgment of the trial court must be and is

---

2. Garland's deposition version differed from his affidavit version.

3. We recognize, as stated by our Supreme Court in the quoted portion of *McNair,* supra, that it is not required that the injury in the precise form it occurred should have been foreseeable.

Affirmed.

Chief Judge MORRIS and Judge CLARK concur.